### 20578. WILSON v. THE STATE.

WYATT, Presiding Justice. Eddie Wilson was convicted of murder, without recommendation to mercy. He duly filed his motion for new trial which was denied. The exception here is to the judgment denying a new trial. *Held:*

1. We deal first with the assignment of error complaining of the order denying the plea in abatement. The only question raised by the plea is that the indictment was not properly returned in open court, for the reason it was returned into court at a time when a case in which Judge Folks Huxford, the judge of the circuit in which the case was being tried, was disqualified and Judge George R. Lilly, judge of another circuit, was presiding. It is contended that it was not open court for the transaction of any business by the court except to try the case Judge Lilly was presiding in, in the absence of Judge Huxford. In so far as we have been able to determine, this precise question is one of first impression in this State. The plaintiff in error relies upon *Sampson* v. *State,* 124 *Ga.* 776 (53 S. E. 332, 4 Ann. Cas. 525), and *Zugar* v. *State,* 194 *Ga.* 285 (21 S. E. 2d 647). The *Sampson* case was one in which the court had been adjourned until the next day, and no judge was present when the indictment was delivered to the clerk. The *Zugar* case was one in which the grand-jury bailiff found the judge in the hall of the courthouse building and they went together and delivered the indictment to the clerk in his office. Each of these cases holds that a plea in abatement raising the question that the indictment was not properly returned in open court should have been sustained. It is readily apparent that both of these cases are entirely different from the instant case on the facts. In the instant case, the indictment was delivered to the clerk by the grand-jury bailiff in the courtroom at a time when court was actually in session in the progress of the trial of a case. The only question raised was that a visiting judge was presiding because of the disqualification of the judge of the circuit as to the case then on trial. We can see no possible injury that could have resulted to the plaintiff in error or anyone else by reason of the delivery of the indictment as was done in the instant case. We therefore hold that the indictment was properly returned in open court, and that it was not error to deny the plea in abatement.

2. In so far as the general grounds are concerned, we deem it sufficient to say that the evidence amply authorized the verdict.

3. Special ground 4 complains because a mortician who embalmed the body of the deceased was permitted, after describing the wound, to give his opinion as to what caused the death of the deceased. "One who is not an expert or a practicing physician may, after describing the wound, give his opinion that it caused death." *Pinson* v. *State*, 184 *Ga.* 333 (1) (191 S. E. 95). It follows, there is no merit in this contention.

4. Special ground 5 complains because of the refusal to give a requested charge on the defense of accident, it being contended that the charge given on this subject was negative and did not fully cover the subject. The charge as given reads as follows: "Now, gentlemen, if you find that the alleged homicide was the result of misfortune or accident, and it satisfactorily appears that the homicide did not result from the culpable neglect alleged in the indictment, then, you would not find the defendant guilty.

"The degree of culpability to sustain a conviction must be such as in your opinion amounts to gross negligence. What constitutes such culpable negligence is a question for the jury to determine from all the facts and circumstances surrounding the occasion under investigation.

"For the defendant to avail himself of the defense of doing what he did by misfortune or accident it must satisfactorily appear that there was no evil design or intention or culpable neglect. If that state of facts did not exist he is not entitled to an acquittal upon that defense. You will then apply the other rules of law in determining what grade of offense, if any, that he is guilty of." This was a full and complete charge, and was not subject to the criticism made of it.

5. Special grounds 6, 7, and 8 are argued together by the plaintiff in error, and will be dealt with in that manner. The charge of the court covered the legal questions raised in each of these requests, and in so far as the requests differ in language from the charge given, the requests were argumentative in nature and for that reason it was not error to refuse to give them.

6. Special ground 9 complains of the following excerpt from the charge of the court: "In determining your verdict in this case you will determine it by addressing yourselves as to what crime, if any, the accused would be guilty of as charged in the bill of indictment." It is contended that this excerpt had

the effect of denying the jury the right to convict the defendant of manslaughter, since manslaughter was not expressly charged in the indictment. The judge fully charged the jury elsewhere in the charge on the subject of manslaughter. There is no merit in this contention.

7. Special ground 10 complains because of the following occurrence. The jury returned to the courtroom for additional information, when the following occurred: "The Court: What do you have? The Foreman: Judge, we want to know if we were to recommend mercy in this case, would they give him life, or would he be subject to pardon. The Court: Mr. Foreman, I will answer you like this: I don't want you to think I am being discourteous, but that is a matter that you are not concerned with. The Foreman: The reason I asked that—I don't know just how to ask it, but we were wanting to know would the prisoner make that time. The Court: The Court is unable to answer that. It is not permitted by law. The Foreman: Well, that is all."

This court has definitely settled this question. Had the judge given any answer other than the one he did, he would have committed error. See *Thompson* v. *State*, 203 *Ga.* 416 (47 S. E. 2d 54), and *Mosley* v. *State*, 214 *Ga.* 369 (104 S. E. 2d 900).

8. It follows from what has been said above that the judgment under review was not error for any reason assigned.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 14, 1959—DECIDED OCTOBER 9, 1959—
REHEARING DENIED NOVEMBER 4, 1959.

*J. Vickers Neugent,* for plaintiff in error.

*Eugene Cook, Attorney-General, Rubye G. Jackson, Deputy Assistant Attorney-General,* contra.