130 Ga. App. 221 (1973)
202 S.E.2d 848
NATIONAL BANK OF GEORGIA
v.
GREAT SOUTHERN BUSINESS ENTERPRISES, INC. et al.
48408.
Court of Appeals of Georgia.
Argued July 3, 1973.
Decided October 19, 1973.
Rehearing Denied November 13, 1973.
Schwall & Heuett, Stanley M. Lefco, Carl V. Kirsch, for appellant.
Arthur P. Tranakos, for appellees.
QUILLIAN, Judge.
The complaint was filed by the plaintiff, The National Bank of Georgia, against the defendants, Great Southern Business Enterprises, Inc., Larry H. Merritt, Jerry Merritt, and John F. Harrell, on or about November 30, 1972. The defendants, Great Southern Business Enterprises and John F. Harrell, were not served and are not a part of this action. The defendants, Larry H. Merritt and Jerry Merritt, were served and filed timely answers on or about January 13, 1973. On January 22, 1973, request for admission of facts was filed on the defendants Larry H. Merritt and Jerry Merritt and later served on them through their attorney. By statute, the 30-day period of time for timely response to request for admission of facts expired on February 26, 1973. On February 21, 1973, the defendants filed interrogatories on the plaintiff; on March 22, 1973, the plaintiff, by United States mail, served on defendants its answers to defendants' interrogatories to plaintiff and on the same date filed a motion for summary judgment. On April 25, 1973, the defendants answered plaintiff's request for admission of facts. On April 27, 1973, the State Court of DeKalb County denied plaintiff's motion for summary judgment. Thereafter, a certificate of review was granted and a notice of appeal was duly field. Held:
The issue to be determined is whether the answers to the request for admissions of fact which were untimely filed could, under the circumstances of this case, be considered by the trial judge in ruling on the motion for summary judgment.
Code Ann. § 81A-136 (a) (Ga. L. 1966, pp. 609, 648; 1967, pp. 226, 234, 235; 1972, pp. 510, 528) provides in part: "The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the *222 party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney, but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of 45 days after service of the summons and complaint upon him."
The appellee argues that the judge had the authority to grant an extension of time within which the answers to the request for admissions of fact could be filed. It is true that the trial judge has the authority to grant an extension of time for filing. If it is within the time allowed for such filing the judge may grant the extension with or without a motion. However, if the time has expired before the filing there must be a motion to allow the late filing. Section 6 (b) of the Civil Practice Act (Code Ann. § 81A-106 (b); Ga. L. 1966, pp. 609, 617; 1967, pp. 226, 229, 230). Under Section 36 (b) of the Civil Practice Act (Code Ann. § 81A-136 (b); Ga. L. 1966, pp. 609, 648; 1967, pp. 226, 234, 235; 1972, pp. 510, 528), a party who fails to answer within the required time may seek to "withdraw" his admissions but he must take the initiative and file a motion otherwise he must take the admissions. Nat. Bank of Ga. v. Merritt, 130 Ga. App. 85. In the present case there was no such motion under either Section 6 (b) or Section 36 (b) of the Civil Practice Act filed nor was there any order entered by the court allowing the late filing of the answers to the request for admission of facts. Therefore, the answers could not be considered.
The request for admission of facts not having been answered as provided by law, such facts were admitted. Under that which was held in Sirmans v. USS Agri-Chemicals Division, 127 Ga. App. 609 (194 SE2d 581), since no issue of fact remained for trial the overruling of the motion for summary judgment was error.
Judgment reversed. Bell, C. J., and Deen, J., concur.