## 50210. PORTER v. MURLAS BROTHERS COMMODITIES, INC.

WEBB, Judge.

Roy Porter brought suit against George and Nicholas Murlas, individually and d/b/a Murlas Brothers Commodities, Inc., seeking to recover for sales commissions earned and unpaid. The action was voluntarily dismissed as to the individual defendants and is now apparently proceeding solely against Murlas Brothers Commodities, Inc. as a corporate defendant. The corporation answered and asserted the defense, inter alia, "that any and all claims plaintiff may have had against the defendant have been fully satisfied, released and discharged by virtue of a written release executed by plaintiff." In addition, the corporation filed a counterclaim against plaintiff on a promissory note executed by him to the corporation.

Plaintiff served requests for admissions upon the corporation, asking it to admit: "(1) That pursuant to the employment of Mr. Roy Porter by Murlas Brothers Commodities, Inc., Mr. Ray Porter, under the designation of Salesman Account No. 06, was assigned trading account No. 15705 listed in the name of Mr. George Prochazka. (2) That pursuant to Mr. Roy Porter's employment as a salesman for Murlas Brothers Commodities, Inc. substantial commissions were earned pursuant to said account No. 15705. (3) That said commissions earned by Mr. Porter as salesman for account No. 15705 was in excess of Forty Thousand Dollars ($40,000.00). (4) That no commissions were paid

to Mr. Roy Porter as a result of the commissions earned with respect to account No. 15705."

Defendant did not object to or answer the requests within the prescribed 30-day period, nor did it obtain an extension of time for filing answers before the 30-day period elapsed. Since there had been no answer, objection, or extension of time, and the 30-day period had elapsed, plaintiff filed a motion for partial summary judgment on the grounds that "The defendant failed to timely answer said request for admissions and the defendant has therefore admitted as a matter of law its liability to plaintiff for said commissions in an amount in excess of Forty Thousand Dollars ($40,000.00), and plaintiff is entitled to a summary judgment therefore."

On October 18, 1974, the trial court denied the motion for summary judgment, and in the same order provided that "the defendant shall file answers to both the request for admissions and the interrogatories by October 25, 1974." However, defendant did not file with the court a motion pursuant to CPA § 36 (b) (Code Ann. § 81A-136 (b)) seeking a withdrawal or amendment of the admissions resulting from the failure to respond to the requests, nor is there any indication in the record or in the court's order that the requirements for withdrawal or amendment as set forth in CPA § 36 (b) had been satisfied.

Plaintiff appeals with a certificate for immediate review, enumerating error on the denial of the summary judgment motion and on the court's allowing defendant to file answers to the requests for admissions. *Held:*

1. We reverse the ruling allowing answers to the requests to be filed. "Any matter admitted under this section [requests for admission] is conclusively established unless the court, *on motion,* permits withdrawal or amendment of the admission. Subject to the provisions of section 81A-116 governing amendment of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." CPA § 36 (b) (Code Ann. § 81A-136 (b)) (Emphasis supplied.)

"One who has not, within the 30 days allowed for answering or objecting to Requests for Admissions under Code Ann. § 81A-136, answered, nor objected to, nor moved for and obtained an extension of time for responding to the said requests, shall be deemed to have admitted the requests subject only to such remedy as may be afforded him *on motion* under Code Ann. § 81A-136 (b))." *National Bank of Ga. v. Merritt,* 130 Ga. App. 85 (202 SE2d 193). As explained in that opinion: "[W]hen 30 days have expired without answer or objection, then the requests are admitted subject only to the requestee's opportunity under Code Ann. § 81A-136 (b) *on motion* to have his admissions 'withdrawn' if he shows that such action will aid in the presentation of the merits and if the other party fails to show that he will be prejudiced. This 'withdrawal' of admissions upon a proper showing is a new remedy allowed to defaulting requestees. That, however, puts the burden on the one who has failed to answer — the defendant in each case here — to be bound by the 'admissions,' *unless he takes the initiative and files a motion* [emphasis supplied] and succeeds in defeating such admissions. See also *Bailey v. Bailey,* 227 Ga. 55 (178 SE2d 864); *Turner v. Bank of Zebulon,* 128 Ga. App. 404 (196 SE2d 668). The defendants here failed to answer within the proper time and *failed to file any motion to have the admissions withdrawn.* [Emphasis supplied.] They are therefore bound by the admissions and the trial court erred in allowing the answers into the record."

"The appellee argues that the judge had the authority to grant an extension of time within which the answers to the request for admissions of fact could be filed. It is true that the trial judge has the authority to grant an extension of time for filing. If it is within the time allowed for such filing the judge may grant the extension with or without a motion. However, if the time has expired before the filing there must be a motion to allow the late filing. [Cits.]. Under Section 36 (b) of the Civil Practice Act [Cits.], a party who fails to answer within the required time may seek to 'withdraw' his admissions but he must take the initiative and file a *motion* otherwise he is bound by such admissions." *National Bank of Ga. v. Great Southern Business Enterprises,* 130 Ga. App. 221, 222

(202 SE2d 848).

"[M]atter is admitted unless within 30 days after service of the request the party to whom the request is directed serves a written answer or objection. While it is true that the trial judge has the authority to grant extensions of time for filing after the time for answering has expired, there must be a motion to allow the late filing under the Civil Practice Act § 6 (b) [cits.], or a motion for withdrawal of the admissions under the Civil Practice Act § 36 (b) [cits.]." *Custom Farm Services v. Faulk,* 130 Ga. App. 583, 584 (203 SE2d 912). Accord, *Abbott-Bridges Wood Products v. Argonaut Ins. Co.,* 131 Ga. App. 754 (1) (206 SE2d 722); *Mountain View Enterprises v. Diversified Systems,* 133 Ga. App. 249 (211 SE2d 186), where no § 36 (b) motion was made and the admissions were held binding.

Since in the instant case no motion was filed or showing made as required by CPA § 36 (b) (Code Ann. § 81A-136 (b)), it was error for the trial court to allow the admissions to be withdrawn and to permit late filing of the answers. Compare *A & D Barrel &c. Co. v. Fuqua,* 132 Ga. App. 827, 832 (2c) (209 SE2d 272) and *Franks v. Reid,* 134 Ga. App. 94, where motions were made pursuant to § 36 (b) and admissions resulting from failure to answer were allowed to be withdrawn.

2. We find no error in the denial of the motion for partial summary judgment. The matter requested to be admitted was that plaintiff had earned commissions in excess of $40,000 which were unpaid. However, it was not requested or admitted that the claim had not been satisfied, released and discharged as alleged in defendant's answer, and this issue was not disposed of by the requests for admissions and failure to answer. The admission (by failure to answer) that plaintiff had earned the unpaid commissions is not an admission that the claim had not been otherwise released. Since plaintiff made no attempt otherwise to carry his burden of showing that he was entitled to a summary judgment "in an amount in excess of $40,000," the motion was properly denied.

*Judgment affirmed in part and reversed in part. Bell, C. J., and Marshall, J., concur.*

SUBMITTED FEBRUARY 3, 1975 — DECIDED FEBRUARY 21, 1975.

*Cross & Newmark, John P. Cross,* for appellant.
*McCurdy & Candler, George H. Carley,* for appellee.