## 50903. BLANCHARD v. TAYLOR et al.

CLARK, Judge.

In this appeal from a non-jury judgment for plaintiffs rendered in the Superior Court of Ware County[1] the enumerations of error are limited to one question: Was there a valid waiver of jury by defendant below, now the appellant? Based on his understanding of counsel's statement which had been made in the judge's chambers, the judge ruled such waiver to have occurred. Thereupon, in his proper concern for saving the expense of a jury calendar, the scheduled jury docket was canceled and the case tried before the judge alone.

Counsel for appellant contended that his statement in the judge's office included a reference to this waiver being subject to his client's approval.

There was also a series of telephone calls between the judge's secretary in her capacity as calendar clerk and

---

[1] Ware County which contains the largest land area of any county in Georgia was named for Nicholas Ware (1769-1824), a noted Augusta statesman. Waycross, its county seat, was previously known as Kettle Creek when settled in 1818, then in turn as Yankee Town, Pendleton and Tebeauville. In 1874 it was incorporated as "Way Cross." This name was chosen because of the many roads, both highway and railroad, which crossed at this location.

the secretary in the attorney's office. We find it unnecessary to consider any of these conversations because our decision must be made without reference to these matters. Furthermore, we do not have to decide between the jurist and the advocate as to whose recollection is correct as to the terms of the statement made in chamber.

Code Ann. § 81A-139 provides that "The parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, may consent to trial by the court sitting without a jury." There was no written stipulation. Obviously, the statement by counsel in the judge's chambers does not satisfy the statute's requirement that the oral stipulation must be "made in open court and entered in the record." Black's Law Dictionary (Rev. 4th Ed. 1968, p. 1242) defines "open court" thusly: "This term may mean either a court which has been formally convened and declared open for the transaction of its proper judicial business, or a court which is freely open to the approach of all decent and orderly persons in the character of spectators." See also *Zugar v. State,* 194 Ga. 285 (21 SE2d 647), wherein the delivery of an indictment by the grand jury bailiff to the judge in the hallway on the next floor below the courtroom and which at the judge's instructions was then given to the clerk in the clerk's office was held not to satisfy the mandate that this activity take place in open court.

Because there was no compliance with the stated requirements of the Civil Practice Act, we are required to hold that there has not been a waiver of a jury trial to which defendant is entitled as a matter of right. See Code Ann. § 81A-138 and Georgia Constitution, Art. VI, Sec. XVI, Par. I (Code Ann. § 2-5101).

The judges constituting this Division deem it appropriate to note their personal approval of the established custom of Georgia lawyers and judges to accept informal oral agreements as binding upon court and counsel. When, however, as occurred here, a good faith disagreement arises without acrimony or rancor as to the details of those conversations, then an appellate court cannot undertake to decide whose memory is

superior.[2] We recognize that factual situations may show an oral waiver of rights as well as an estoppel. But, in the absence of waiver or estoppel, we must hold parties to the provisions of the Civil Practice Act. This is especially true in connection with the important right of trial by jury.

*Judgment reversed. Pannell, P. J., and Quillian, J., concur.*

SUBMITTED SEPTEMBER 2, 1975 — DECIDED OCTOBER 21, 1975.

*Kopp, Peavy & Conner, Neal L. Conner, Jr.,* for appellant.

*Schreiber, Rozier & Thomas, C. Edwin Rozier,* for appellees.

[2]"How frail and fallible is memory!" Lumpkin, J., in *Miller v. Cotten,* 5 Ga. 341, 348.