## 51725. STRICKLAND v. CITIZENS & SOUTHERN NATIONAL BANK.
## 51726. STRICKLAND v. CITIZENS & SOUTHERN BANK OF EAST POINT.

PANNELL, Presiding Judge.

These cases are appeals by the defendant from the grant of a summary judgment in each case in favor of the plaintiff in the State Court of Chatham County.

The first case (No. 51725 in this court and No. 75-336 in the lower court) was brought by the Citizens & Southern National Bank against Robert L. Strickland, alleging (Par. 2): the defendant was indebted to complainant upon three promissory notes giving the date of each note, the amount of each note and alleging a "balance due" of $9,352.97, and (Par. 3) all the notes were in default and payment had been demanded and refused, and that principal and interest to February 5, 1975 was $9,352.97; and (Par. 4) alleged the giving of a notice of attorney fees, and (Par. 5) alleged defendant was indebted to complainant upon a charge account service in the amount of $939.05.

Recovery was sought of the principal and interest and attorney fees on the notes, also the amount of the charge account service indebtedness. The defendant answered denying Paragraphs 2, 3, 4 and 5. The complainant filed its request for admissions to the following effect: (1) That each of the notices was genuine; (2) that each signature on the notes was that of the defendant; (3) that defendant had not paid any amount on the notes. No answer was filed to the requests for admissions as required by law nor within the time required by law. Whereupon, the plaintiff moved for a summary judgment and subsequently filed its "amendment" attaching an affidavit as to the corrections of the charge account service charge and to the effect that it was unpaid and due.

The second case (No. 51726 in this court and No. 75-492 in the court below) was brought by the Citizens & Southern Bank of East Point against Robert L. Strickland alleging (Par. 2) the defendant was indebted to the complainant upon "one consumer installment note" in the

amount of $926.12 and (Par. 3) the note was past due and payable. The defendant answered denying these two paragraphs. The complainant filed its request for admissions, (1) as to the genuineness of the note, (2) that the signature on the note was that of defendant, and (3) that the defendant had not paid the note in full and that the amount "outstanding" on the note was the amount sued for. No answer was filed to these requests as required by law or within the time required by law. Whereupon the complainant in the second case moved for a summary judgment.

The following affidavit of the defendant was filed in both cases:

"Comes now Robert L. Strickland, who after being sworn deposes and says that he is Robert L. Strickland, Defendant in the two lawsuits filed in the State Court of Chatham County, Georgia, Civil Action Nos. 75-336 and 75-492. At this time he is unable to find sufficient information to present an adequate defense as to the allegations contained in Plaintiff's Amended Motion for Summary Judgment. Said Summary Judgment involves C & S charge card charges.

"Defendant further avers that the Citizens and Southern National Bank made misrepresentations to him as to the payment of the obligations which are the subject of Plaintiff's Complaint, and made subsequent agreements as to payoffs and the amount owed. Defendant avers that he has been irreparably damaged by the capricious and malicious actions of The Citizens and Southern National Bank."

The trial judge entered an order granting the summary judgment in both cases, including attorney fees in both cases. The judgments in material part reading as follows: (The judgment in Case No. 51725) "Judgment is hereby rendered in favor of Plaintiff and against the Defendant in the total amount of $12,176.63, including $9,771.81 as interest and principal on said notes, $1,465.77 as attorney's fees and $939.05 due on Plaintiff's charge account service," and (The judgment in Case No. 51726) "Judgment is hereby rendered in favor of the Plaintiff and against the Defendant in the total amount of $1,065.03, including $926.12 as interest and principal on

said note and $138.91 as attorney's fees."

The defendant by separate appeals brought the cases to this court for review. *Held:*

1. Section 36 (a) of the Civil Practice Act (Ga. L. 1966, pp. 609, 648; 1967, pp. 226, 234-235; 1972, pp. 510, 528; Code Ann. § 81A-136 (a)) provides, as regards a request for admissions, "[t]he matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or his attorney, but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of 45 days after the service of the summons and complaint upon him." There being no objection made to the request for admissions and no motion made seeking permission for the late filing of an answer to the request for admissions, nor to withdraw the admissions made by the failure to answer, the requests will be held to have been admitted, and as such are binding upon the defendant here. See *Mountain View Enterprises v. Diversified Systems,* 133 Ga. App. 249 (211 SE2d 186); *Porter v. Murlas Bros. Commodities, Inc.,* 134 Ga. App. 96 (213 SE2d 190).

2. The trial judge, accordingly, was correct in granting summary judgment for the principal and interest on the notes sued upon in Case No. 51725, as well as for the charge account service charge, the unanswered admissions and the affidavit of the defendant which admitted he had no defense against the charge account service charge being sufficient to authorize such ruling. He contends, however, that the balance of his affidavit was sufficient to raise the question relating to new agreements as to payments, etc., and was sufficient to raise an issue of fact. This portion of the affidavit clearly states nothing but conclusionary statements with not a single statement of a specific fact. This is not sufficient to overcome his admissions, even if they could be overcome by such an affidavit. A party opposing a motion for summary judgment, where the moving party has presented evidence of the necessary servitude, must, in

his opposing affidavits, set forth specific facts showing a genuine issue to be decided by a jury. Section 56 (e) of the Civil Practice Act (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238; Code Ann. § 81A-156 (e)). See also *Moore v. Oglethorpe Sanitorium,* 129 Ga. App. 310 (199 SE2d 615); *Continental Carriers, Inc. v. Seaboard C. L. R. Co.,* 129 Ga. App. 889, 890 (201 SE2d 826).

The trial judge erred, however, in Case No. 51725, in awarding attorney fees, as no proof was presented as to the alleged giving of the notice of attorney fees.

3. The ruling in Division 1 of the opinion also applies to Case No. 51726, and based upon the binding admissions of the defendant in that case, there was no error in granting summary judgment as to the principal and interest on the note therein sued upon; however, the trial judge erred in rendering a judgment as to attorney fees in that case when there was neither any pleadings nor proof authorizing such a judgment.

4. The judgment in each case is affirmed, with costs against the appellee, with direction that when the remittitur from this court reaches the court below the appellee shall promptly take an order eliminating the portion of each judgment relating to attorney fees, otherwise the judgment in both cases shall stand reversed.

*Judgments affirmed with direction. Evans and Marshall, JJ., concur.*

SUBMITTED JANUARY 9, 1976 — DECIDED FEBRUARY 10, 1976.

*Lee & Clark, Steven E. Scheer,* for appellant.
*Adams, Adams, Brennan & Gardner, M. Lane Morrison, Sam P. Inglesby, Jr.,* for appellees.