## 51711. HODKINSON v. MALOOF.

EVANS, Judge.

This case involves a tenant holding over in a store building in Helen, Georgia. The affidavit of the plaintiff sought the dispossessory warrant and the answer of the defendant admitted possession but denied he was holding over. Therefore there were involved the issues of fact as to whether or not there was a valid written lease or merely a tenancy at will. Also there was an issue as to whether there was a failure to pay the rent promptly. Did these issues require determination by a jury?

There was no request for a jury trial, and the trial court heard the case without a jury. He rendered his findings of fact and conclusions of law and granted plaintiff a writ of possession together with judgment for

past-due rent in the amount of $900. Defendant appeals. *Held:*

1. The authority for seeking a writ of possession in a proceeding against a tenant holding over is found in Code Ann. Ch. 61-3 as amended. The same is a special statutory proceeding, and has been in our laws since 1827, except for certain amendments thereto.

2. Code Ann. § 61-303 provides: "If the tenant fails to answer, the court shall issue a writ of possession; and the plaintiff shall be entitled to a verdict and judgment by default for all rents due, in open court or chambers. . . If the tenant answers, a trial of the issues shall be had in accordance with procedure prescribed for civil actions in courts of record." *Queen v. Harrell,* 126 Ga. App. 122, 123 (2) (190 SE2d 160).

3. The first contention of the defendant is that the trial court erred in failing to submit the issues involved to trial by jury, and, erred in entering a final judgment without a jury trial. We find nothing to show objection in the lower court to trial by the judge without a jury. There is no transcript of the evidence before this court and upon inquiry by the clerk of this court, the clerk of the lower court has advised us that there is no such transcript in that court.

4. The record shows the trial judge made conclusions of law and findings of fact, and decided against the defendant. There is no merit in defendant's contention that the trial judge erred in dismissing his answer and declaring him to be in default. We do not have a transcript of evidence, as we have previously pointed out, and what the trial judge was doing here was to decide, under his conclusions of law and findings of fact, that plaintiff, not defendant, was entitled to prevail. *Ward v. Nat. Dairy &c. Corp.,* 224 Ga. 241 (1, 2) (161 SE2d 305); *Berrien v. Avco Financial Services, Inc.,* 127 Ga. App. 584, 585 (1) (194 SE2d 337).

*Judgment affirmed. Pannell, P. J., and Marshall, J., concur.*

Submitted January 9, 1976 — Decided February 13, 1976.

Adams, Ellard & Frankum, Stephen D. Frankum, for appellant.

Kenneth R. Keene, Telford, Stewart & Stephens, Joe K. Telford, for appellee.