53261. JONES et al. v. CHILDS et al.

MARSHALL, Judge.

Appellant Jones appeals the judgment rendered by the trial court at a bench trial in favor of the appellee Childs. The Lanier Harbor Management Corporation initiated this controversy because it had custody of a boat and sought a declaratory judgment as to ownership of the boat with a view of delivering possession of the boat to the party determined by the court to be the proper owner. This case was previously before this court but was remanded to the trial court for appropriate findings of fact and conclusions of law. See *Jones v. Childs,* 139 Ga. App. 337 (228 SE2d 363).

The facts show that Jones purchased the boat with corporate funds of K & E Construction Company. Jones was a corporate vice president and his wife was the corporate secretary. Appellee Childs is the sister of Mrs. Jones. There was evidence that Jones made a gift of the boat to his wife and the certificate of registration was

issued to Mrs. Jones in her name only. The boat was damaged and picked up by the Lanier Harbor Management Corporation for repairs. While there was a dispute as to whether Jones authorized the repairs, the evidence is not in dispute that the registered owner of the boat, Mrs. Jones did authorize the repairs. The repair bill amounted to almost the actual value of the boat. Mr. and Mrs. Jones separated with a view toward divorce. Thereafter, Mrs. Jones agreed to sell the boat to her sister, Childs, for the consideration of the payment of the repair bill. The certificate of registration was delivered to Mrs. Childs and a bill of sale was prepared transferring the boat from Mrs. Jones to Mrs. Childs. Mrs. Childs paid with a cashier's check showing Mrs. Jones as the remitter. When Mrs. Childs came to the marina to take custody of the boat, Mr. Jones was notified and with police assistance restrained the delivery of the boat claiming title in himself or in the company.

After developing substantially the above factual situation, the trial court declared the owner of the boat to be Mrs. Childs and directed the Management Corporation to deliver custody to Mrs. Childs. Appellant Jones enumerates as error the denial of his right to a jury trial; the denial of his right to present final arguments; and that each of the trial court's findings and conclusions fails to find support in the evidence. *Held:*

1. In his first enumeration of error, appellant Jones asserts that he was denied his right to a jury trial since there is no written waiver of trial by jury nor was a stipulation entered on the record waiving trial by jury. *Blanchard v. Taylor,* 136 Ga. App. 237 (220 SE2d 757). Appellant misreads the intent of that case. In that case there was a dispute between the parties and the court as to whether a waiver of the trial by jury was contemplated. In this case the parties appeared at trial and proceeded without reservation to have the trial court hear the case without the intervention of a jury. Even in *Blanchard v. Taylor,* supra, at page 238, this court deemed it expedient to observe and express approval of the established custom of Georgia lawyers and judges to accept informal oral agreements as binding upon court and counsel. The order of the trial court in this case recites that the case came on

for hearing and following arguments by counsel the court entered judgment. In view of the absence of something in the record from the court below, disputing that regularity, we must assume that the parties consented to the trial by the judge without a jury. See *Hodkinson v. Maloof,* 137 Ga. App. 602, 603 (224 SE2d 524). This enumeration is without merit.

2. In his second enumeration of error, Jones complains that the trial court denied his right to present final argument. This contention is totally without merit. Though the trial court expressed a desire to complete the case and that it had other hearings scheduled that same afternoon, on two occasions counsel were offered the opportunity to present oral argument. At one point the trial court even offered to continue the arguments after lunch. Counsel had full opportunity to present their arguments.

3. In substance, the remaining enumerations of error contend that the trial court erred in rendering judgment for the appellee, Mrs. Childs. Though the evidence was in conflict, the trial court found that the appellant, Mr. Jones, made a gift of the boat to his wife; that the boat was registered in Mrs. Jones' name only; that Mrs. Jones for an adequate consideration transferred title and ownership of the boat to Mrs. Childs; and that none of the documentation was of such a nature to place Mrs. Childs on notice that Mrs. Jones did not have a good and marketable title. In substance the trial court concluded that Mrs. Childs was a bona fide purchaser for value without notice of defect in the title transferred. "'If one with notice shall sell to one without notice, the latter shall be protected; or if one without notice shall sell to one with notice, the latter shall be protected, as otherwise a bona fide purchaser might be deprived of selling his property for full value.' Code § 37-114." *Murray v. Johnson,* 222 Ga. 788, 789 (3) (152 SE2d 739).

On appeal the evidence must be construed to uphold the verdict, the conflicts must be resolved against the appellant, and if there is any evidence to support the verdict, it must be affirmed. *Johnson v. State,* 231 Ga. 138 (1) (200 SE2d 734); *Talley v. State,* 137 Ga. App. 548, 549 (224 SE2d 455). The evidence in this case satisfies these

demands. These enumerations of error likewise are without merit.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED JANUARY 6, 1977 — DECIDED FEBRUARY 22, 1977 — REHEARING DENIED MARCH 10, 1977.

Charles O. Jones, *pro se.*
*Cheeley & Chandler, Richard B. Chandler, Jr., Edward E. Carter,* for appellees.