## 53481. CLAIRMONT DEVELOPMENT COMPANY et al. v. TRI-STATE CULVERT MANUFACTURING, INC.

QUILLIAN, Presiding Judge.

In passing upon the trial judge's grant of plaintiff's motion for summary judgment, we must consider the question whether the defendant was bound by one of his answers to plaintiff's interrogatories.

Suit was brought against the individual defendant and the corporate defendant of which the individual defendant was president. The grant of summary judgment allowed recovery against both. The individual defendant contends that only the corporate defendant was liable.

One of plaintiff's interrogatories queried: "what amount do you contend is due and owing to the plaintiff by you?" The individual defendant answered: "defendant contends that the amount of $7,336.04 is due and owing by himself." $7,336.04 was the total amount in controversy.

Subsequently and over one month prior to the summary judgment hearing, the defendant filed, under oath, an amendment to the answer to interrogatory No. 17. It recited: "Defendant shows that the debt contended is neither due nor owing by himself individually as all dealings with the plaintiff were had by the defendant [corporation]. The [individual] defendant. . . further amends any other answer of whatever type and wherever found in whatever pleadings which might tend to indicate he was personally liable for the debt sued. To the contrary, the [individual] defendant. . . shows that he is not personally indebted to the plaintiff for any sum

whatsoever since all dealings of the plaintiff were with the defendant [corporation]."

Insofar as the record shows, the trial judge did not expressly pass upon whether the amendment was allowed or not. Ordinarily amendments to interrogatories are permitted, but only with leave of court. 4A Moore's Federal Practice 33-134, Interrogatories to Parties, § 33.25 (2). Failure to obtain leave to amend would mean that the original answer would remain unchanged. Nevertheless, this does not mean that the styled "amendment" could not be considered on motion for summary judgment. It was sworn to and should have the same worth as other proof offered, such as affidavits.

In a recent decision, this court had before it a question of whether a party on the trial could testify, over objection, contrary to an answer to an interrogatory. We held the previous answer would not estop introduction of inconsistent testimony. *Benn v. McBride,* 140 Ga. App. 698, 699 (3) (231 SE2d 438). The opinion, citing 8 Wright & Miller, Federal Practice and Procedure: Civil § 2181, p. 579, pointed out: "A party may be embarrassed by his answer to a pretrial interrogatory in which he took a position different from one that he later asserts, and it is right that he should have to explain his change of position, but his answer to the interrogatory should not be a bar to taking a different position at the trial." 140 Ga. App. 698, 700, and cits. Accord, Ray v. J. C. Penney Co., 274 F2d 519 (CA 10th, 1959); Montecatini Edison S.P.A. v. Rexall Drug & Chem. Co., 288 FSupp. 486 (D. C. Del. 1968); Young v. Dodson, 239 Ark. 143 (388 SW2d 94) (1965); Mangual v. Prudential Lines, 53 FRD 301 (D. C. Pa. 1971).

We have no valid basis for not applying this eminently sound position to the circumstances here. The answer to the interrogatory shows one position; the "amendment" shows a different posture. Both were properly before the trial judge. Thus, there is a conflict which should be resolved by a jury and not on motion for summary judgment. *Burnette Ford v. Hayes,* 227 Ga. 551 (181 SE2d 866); *Burnette Ford v. Hayes,* 124 Ga. App. 65 (183 SE2d 78).

*Judgment reversed. Stolz and Shulman, JJ., concur.*

ARGUED FEBRUARY 4, 1977 — DECIDED FEBRUARY 28, 1977.

*James W. Garner,* for appellants.
*Bryant & Davis, Larry S. Bryant,* for appellee.