## 53902. CRIDER v. PEPSI COLA BOTTLERS OF ATLANTA.

DEEN, Presiding Judge.

1. Where requests for admissions are timely served upon the opposite party, and no order extending the time for answer is entered, the requests are admitted unless answered or objected to within 30 days. Code § 81A-136 (a). "Any matter admitted under this section is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission." Code § 81A-136 (b).

2. Where no motion is made seeking permission for late filing of answers to the requests, where the answers are in fact filed after expiration of the statutory time, and there is no motion seeking permission to withdraw the admissions resulting from the failure to serve them in the time limited, the plaintiff is entitled to summary judgment if, considering the matter requested as admitted, no issue of fact remains for adjudication. *Strickland v. C & S Nat. Bank,* 137 Ga. App. 538 (1) (224 SE2d 504) and cit.

3. The plaintiff appellee sued Crider d/b/a Huddle House No. 49 on open account. Crider, while acknowledging that he is the manager of this business, contends that he is not personally responsible because the purchaser of plaintiff's products was in fact Clairmont Foods, Inc., a corporation of which he is the owner and sole stockholder, and that he is not individually liable on the debt. However, he failed to move to set aside the resulting admissions, which include the following: that the account is correct and unpaid; that the business was being conducted by the defendant, and that the products were supplied to "Warren Crider d/b/a Huddle House No. 49." The plaintiff, having thus established every essential element of its complaint, was entitled to summary judgment.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

SUBMITTED MAY 4, 1977 — DECIDED MAY 13, 1977.

*James W. Garner*, for appellant.
*R. M. Bernhardt, Kathy A. Griswold*, for appellee.