## 54873. McFARLAND et al. v. SHONEY'S OF SAVANNAH SOUTH, INC. et al.

MCMURRAY, Judge.

On October 7, 1974, Carol McFarland, a route delivery person, was making a delivery of merchandise to defendants. On this occasion the volume of merchandise being delivered required that it be taken into the store on a hand cart. Mrs. McFarland entered the door of defendants' place of business backwards in order to pull the cart up over the door sill. At this time Mrs. McFarland

slipped and fell.

Mrs. McFarland and her husband brought this negligence action seeking damages for the injury arising from the aforementioned fall. Mrs. McFarland seeks damages for pain and suffering and lost wages. Mr. McFarland seeks damages for medical expenses incurred in the treatment of his wife and loss of consortium. Defendants' motion for summary judgment was granted, and plaintiffs appeal. *Held:*

1. "The burden is on the defendant in its motion for summary judgment to affirmatively negative plaintiff's claim and show plaintiff is not entitled to recover under any theory of the case and this by evidence, which demands a finding to that effect." *First of Ga. Ins. Co. v. Josey,* 129 Ga. App. 14, 15 (3a) (198 SE2d 381) and cits. "On a motion for summary judgment the burden of establishing the non-existence of any genuine issue of material fact is upon the movants, the defendants in this case, and the evidence must be construed most strongly against them." *Marsh v. Berens,* 237 Ga. 135, 136 (227 SE2d 36). The rule that the evidence must be most strongly construed against the movant is not altered by contradictions in the testimony of the opposing party. Such contradictions, at the most, may themselves create a conflict in the evidence, as well as a question of credibility, which is solely for the jury. *Giant Peanut Co. v. Carolina Chemicals, Inc.,* 129 Ga. App. 718, 720 (1) (200 SE2d 918); *Clairmont Development Co. v. Tri-State Culvert Mfg., Inc.,* 141 Ga. App. 469, 470 (233 SE2d 859).

2. Plaintiffs' amended complaint alleges that Mrs. McFarland slipped and fell due to water being on the floor immediately inside the entrance of defendants' place of business; that the water was not observable to Mrs. McFarland. However, defendants knew or should have known that the water in that location created a dangerous and defective condition.

Defendants failed to affirmatively negate the assertions of plaintiffs' complaint. The affidavit of defendants' employee, a manager trainee, who was present in the restaurant at the time of the injury stated that he arrived at the scene seconds after Mrs. McFarland had fallen; that the area was free and clear of any objects

or food particles; and that at that particular time defendants had no knowledge of any food or foreign particles at the location where Mrs. McFarland fell. Plaintiffs' original complaint had alleged that Mrs. McFarland had slipped on food particles and the amendment which alleged that Mrs. McFarland slipped due to water on the floor was made after the employee's affidavit was submitted in support of defendants' motion for summary judgment. The words food, foreign particle and objects, when construed most strongly against defendants must be taken to refer to solid material rather than a liquid such as water.

Defendants further argue that Mrs. McFarland's statement in her deposition that she did not know how long the water had been on the floor serves to pierce her pleadings. This contention is not correct as Mrs. McFarland's statement does not affirmatively negate the allegations of her complaint. It merely failed to support them. Although there is no evidence as to how long the water had been on the floor and, in the absence of actual notice, the plaintiffs upon trial of the case could not recover on this evidence as the burden of proof would be upon plaintiffs to show that the water had been on the floor a sufficient length of time to constitute constructive notice thereof to defendants. But this does not authorize the granting of a motion for summary judgment to the defendants. The burden was on the defendants to prove that the water had not been on the floor a sufficient length of time to constitute constructive notice. See *Southeastern Builders, Inc. v. Starrett,* 127 Ga. App. 5 (192 SE2d 394).

The defendants having failed to pierce the allegations of plaintiffs' complaint, no burden was imposed upon the plaintiffs to introduce evidence in support thereof, and the court erred in granting defendants' motion for summary judgment. *Guthrie v. Monumental Properties, Inc.,* 141 Ga. App. 21, 22 (2) (232 SE2d 369).

*Judgment reversed. Bell, C. J., and Smith, J., concur.*

SUBMITTED NOVEMBER 1, 1977 — DECIDED DECEMBER 5, 1977.

*Smith & Phillips, Robert E. Barker, Clark Smith,* for appellants.

*Bouhan, Williams & Levy, Frank W. Seiler,* for appellees.