## 56939. DRUMMOND v. BROWN.

SHULMAN, Judge.

Appellant-Drummond filed suit against appellee-Brown to recover damages allegedly attributable to appellee's refusal to pay for certain personal property sold by appellant to appellee. When appellant failed to timely respond to appellee's requests for admission, these requests were deemed admitted, and judgment was entered on the merits against appellant.

1. Although counsel for appellant now asserts that his failure to timely answer requests for admission was both with opposing counsel's consent and due to providential cause, these contentions were not properly presented to the trial court. Appellant has not preserved these issues for appellate review.

"[A] party who fails to answer within the required time may seek to 'withdraw' his admissions but he must take the initiative and file a *motion,* otherwise he is bound by such admissions. [Cit.]" *Nat. Bank of Ga. v. Great Sou. Bus. Enterprises, Inc.,* 130 Ga. App. 221, 222 (202 SE2d 848). See also *Osceola Inns v. State Hwy. Dept.,* 133 Ga. App. 736 (1) (213 SE2d 27).

2. Since the failure to make a motion to have admissions withdrawn or amended forecloses remedial action under Code Ann. § 81A-136 (b), the requests for admission which were not answered or objected to are deemed admitted. *Post-Tensioned Const., Inc. v. VSL Corp.,* 143 Ga. App. 148 (8) (237 SE2d 618).

The only question remaining for consideration is whether these admissions demanded the verdict in favor of appellee. We think not.

By failing to timely answer requests for admission, appellant admitted that certain listed items of personalty were removed from the store building containing the business which appellant sold appellee, and that, contrary to representations that appellee would be receiving rights to old customers, appellant took a directory containing customers' names and informed some of her customers that she would service them at a new location.

Contrary to appellee's position, the admissions did

not establish as a matter of law that appellant's claim was precluded because of a failure of consideration. As to the burden of establishing this defense, see, e.g., *Pepsico Truck Rental, Inc. v. Eastern Foods, Inc.,* 145 Ga. App. 410 (1) (243 SE2d 662). Accordingly, the judgment in favor of appellee was erroneous. *Porter v. Murlas Bros. Commodities, Inc.,* 134 Ga. App. 96 (2) (213 SE2d 190).

3. Appellant's attempted amendment to the enumeration of errors was not timely filed. Accordingly, the issues raised therein will not be addressed. *Malone v. State,* 147 Ga. App. 555 (2) (249 SE2d 368).

*Judgment reversed. Quillian, P. J., and Birdsong, J., concur.*

SUBMITTED OCTOBER 31, 1978 — DECIDED MARCH 8, 1979.

*Preston L. Holland, Robert D. Stein,* for appellant.
*Elliott & Turner, Tyron Elliott,* for appellee.