### 57816. BOOKER v. SOUTHERN STEEL & ALUMINUM PRODUCTS, INC.

DEEN, Chief Judge.

The appellee-plaintiff sued Booker, alleging that pursuant to a contract between the parties it made improvements on the appellant's property in the sum of $3,480, of which the appellant had paid only $1,000. Appellee also made requests for admission, which were not answered until several months later, when an answer was tendered on the date of trial but refused by the court

as untimely. Thereafter, however, the trial judge granted a new trial on unspecified discretionary grounds. No further attempt to answer the requests for admission was made by the appellant. At the second trial, the plaintiff-appellee introduced the requests and moved for a directed verdict on the ground that by failing to answer the defendant had admitted the facts sought. The court again directed a verdict in favor of the plaintiff and the appeal is from this judgment.

Code § 81A-136 relating to requests for admission specifies that where the answer is not filed within the time limited (in this, October 21, 1977, 45 days from the filing of the petition) the matter is admitted. There are still certain options open to the litigant to whom the requests are directed: the court may in its discretion grant extra time where there is an objection to the requests, or motion to file a late answer or to withdraw the admissions resulting from a failure to answer may be made. *Bramblett v. Whitfield Fin. Co.*, 143 Ga. App. 853 (240 SE2d 230) (1977). None of these methods was pursued after the motion for new trial was granted.

Thus, the defendant admitted that she entered into the contract referred to which was attached as an exhibit, that the plaintiff made the improvements in compliance with such contract, and that a balance of $2,480 of the contract price remained unpaid although demand had been made. These admissions establish that the contract is genuine (*Shell v. Brownlow,* 242 Ga. 475 (249 SE2d 618) (1978)) and entitle the plaintiff to a judgment in its favor. *Tyson v. Automotive Controls Corp.,* 147 Ga. App. 409 (249 SE2d 99) (1978). An admission that the work was done in compliance with the contract is an admission that the work was properly done, and leaves no issue as to failure of consideration. An admission that the contract is genuine, it being unexceptionable on its face, leaves no issue that it is in fact void. The single enumeration of error contends merely that the court was in error in impaneling a jury "to try the issues raised by the pleadings" and in then directing a verdict for the plaintiff based on the admissions resulting from the failure to answer the requests. If such verdict direction is proper it matters not whether a jury is impaneled (as it must be,

there being no agreement to try without a jury and no motion for summary judgment) or whether the same result is reached by some other method. The enumeration of error is without merit.

*Judgment affirmed. Birdsong and Carley, JJ., concur. Shulman, J., not participating.*

SUBMITTED MAY 7, 1979 — DECIDED JUNE 13, 1979.

*John D. Watkins,* for appellant.
*Saul, Blount & Martin, Louis Saul,* for appellee.