*Wesley Williams, Gordon W. Jackson, Jr.,* for appellants.
*Gwenn Dorb,* for appellee.

## 61254. JACKSON v. PATTON.

Deen, Presiding Judge.

Patton, a landlord, brought suit against Jackson, a tenant, alleging that she owed him $187 on an open account. Jackson answered denying the debt and counterclaimed for the amount of her security deposit, asserted a claim for treble damages and attorney fees as provided in Code Ann. § 61-606 (c), sought $180 in damages for failure to make certain repairs to the rental property, and requested a trial by jury.

After Patton responded to requests for admissions and two sets of interrogatories, Jackson filed a motion for partial summary judgment on the first two counts of her counterclaim. Patton

responded by filing an affidavit claiming that he did not fall within the scope of § 61-606 (c) because he owned fewer than ten rental units as provided in § 61-607. Jackson continued discovery and learned that Patton did indeed own more than ten rental units. She moved again for summary judgment, her motion was not opposed, and the trial court granted the second motion on March 21, 1980. On June 12, 1980, Jackson's attorney filed a motion for an award of reasonable attorney fees as provided in Code § 61-606 (c).

On August 21, 1980, the trial court entered the following order disposing of all the issues in the case:

"After considering all the pleadings, motions and arguments in this case it is ordered that the tenant has become indebted to the landlord for two month's rent in the amount of $187.00. The landlord has become indebted to tenant for three times the amount of the security deposit of (46.75) amounting to $140.25 plus attorney's fees which are fixed at $50.00. This indebtedness to defendant totals $190.25.

"Deducting from the $190.25 the two months rent of $187 leaves a balance of $3.25 owed by landlord to tenant."

On appeal, Jackson contends that the trial court erred in granting Patton a judgment on his complaint without a jury trial and in awarding the attorney fees without hearing evidence.

1. Appellant's contention that the trial court dismissed Patton's complaint for want of prosecution under a local three minute rule is not supported by the record. The cover sheet of the complaint contains the notation "Three Minute Rule," but it does not show that the complaint was dismissed and is not signed or dated. Also, there is no order in the record dismissing the case.

Code Ann. § 81A-139 provides in part: "The parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, may consent to trial by the court sitting without a jury." As Jackson requested a jury trial and there was neither a written stipulation nor an oral stipulation made in open court and entered on the record, the trial court erred in ruling upon all of the issues remaining in the case after the grant of Jackson's motion for partial summary judgment. See *Blanchard v. Taylor,* 136 Ga. App. 237 (220 SE2d 757) (1975).

2. By filing a motion requesting the court to award attorney fees under Code Ann. § 61-606 (c), appellant waived her right to a jury trial on this issue. It is clear from the trial court's order, however, that the court failed to hear any evidence on this issue. The court is therefore directed to hear evidence as to reasonable attorney fees.

*Judgment reversed with direction. Banke and Carley, JJ., concur.*

412

*Camille Hope,* for appellant.
H. Thomas Patton, Jr., *pro se.*