61622. ALBITUS v. FARMERS & MERCHANTS BANK.

CARLEY, Judge.

Appellant, plaintiff below, brought suit against appellee bank for malicious prosecution, alleging that the bank caused appellant to be arrested and subsequently indicted for the criminal offense of forgery. The bank moved for and was granted summary judgment on the basis that, as a matter of law, the criminal charge upon which this malicious prosecution action was premised had not terminated in favor of appellant. Appellant appeals.

1. The complaint alleged that on March 13, 1978 an order of nolle prosequi was entered on the indictment for forgery, that more than six months had passed since the entry of such order, and that by operation of law the criminal charges against appellant had terminated in his favor. In its answer the bank denied that any order sufficient to terminate the criminal prosecution had been entered. During discovery appellant propounded the following interrogatory: "[D]o you contend that the [criminal proceedings] have not been finally terminated?" The bank answered: "Yes . . . the so-called nolle proseque (sic) was improperly and illegally entered." In addition, appellant, pursuant to Code Ann. § 81A-136, served upon the bank the following request for admission: "That the criminal action against [appellant] was nolle prossed on March 13, 1978 and six months have passed since March 13, 1978, thus dismissing the case against [appellant] by operation of law in accordance with Sec. 27-601 of Ga. Code Annotated." The bank failed to answer this specific request within the time provided by law and at the time of the

hearing on the motion for summary judgment, no motion to withdraw or amend was filed as contemplated by Code Ann. § 81A-136 (b).

Appellant contends that the bank's failure to answer the requests for admission conclusively established that the criminal prosecution had terminated in his favor. In granting summary judgment for the bank, however, the trial court found that the bank timely denied the operative elements of the request for admission when it responded to appellant's interrogatories.

If a party served with a request for admission does not serve an answer or objection and does not move for an extension of time or to withdraw the admissions resulting from a failure to answer, the matter stands admitted. *Strickland v. C. & S. Nat. Bank,* 137 Ga. App. 538 (1) (224 SE2d 504) (1976); *Booker v. Southern Steel & Aluminum Products,* 150 Ga. App. 306, 307 (257 SE2d 375) (1979). "Any matter admitted under this section is conclusively established unless the court, *on motion,* permits withdrawal or amendment of the admission." (Emphasis supplied.) Code Ann. § 81A-136 (b); *Nat. Bank of Ga. v. Merritt,* 130 Ga. App. 85 (1) (202 SE2d 193) (1973); *Porter v. Murlas Bros. Commodities,* 134 Ga. App. 96 (1) (213 SE2d 190) (1975).

Applying the foregoing principles to the facts of the instant case, the matters set forth in the request are deemed conclusively admitted for the purposes of this action unless the bank's denial of the same matter in its answer to the complaint and in its response to appellant's interrogatories compels a contrary result. In determining this issue, we must recognize that the intended purpose of Code Ann. § 81A-136 is the facilitation of proof at trial. See 4A Moore's Federal Practice ¶ 36.02 (1981); 8 Wright & Miller, Federal Practice and Procedure, Civil § 2252 (1970). In form and substance an admission under § 81A-136 is comparable to an admission in pleadings or stipulation of facts and as such is generally regarded as a judicial admission rather than evidentiary admission of a party. See 8 Wright & Miller, Federal Practice and Procedure, Civil § 2264 (1970); see generally Agnor, Use of Discovery under Georgia Civil Practice Act, § 11-2 (2 Ed. 1974). A judicial admission, unless allowed to be withdrawn by the court, is conclusive whereas an evidentiary admission is not conclusive but is always subject to be contradicted or explained. 4 Wigmore, Evidence §§ 1058, 1059 (3 Ed. 1940); McCormick, Evidence § 262 (2 Ed. 1972). Thus, it is clear that answers to interrogatories and answers to requests for admissions are not on the same footing in the eyes of the law.

Past decisions of this court have recognized the binding effects of admissions under Code Ann. § 81A-136. In *ETI Corp. v. Hammett,* 140 Ga. App. 618 (231 SE2d 545) (1976) it was held that evidence was

not admissible to controvert matters deemed to have been admitted by failure to answer requests for admission even though the substance of the matter deemed admitted had been denied in the answer to the complaint. In *National Bank of Ga. v. Great Southern Bus. Enterprises,* 130 Ga. App. 221 (202 SE2d 848) (1973), this court held that where answers to requests for admission were in fact filed after expiration of the statutory time, but without permission for late filing and where there was no motion seeking permission to withdraw the admissions resulting from the failure to timely respond, the answers could not be considered by the trial court in ruling on a motion for summary judgment. See also *Crider v. Pepsi Cola Bottlers,* 142 Ga. App. 304 (2) (235 SE2d 683) (1977). Compare *Clairmont Dev. Co. v. Tri-State &c. Inc.,* 141 Ga. App. 469 (233 SE2d 859) (1977) where it was held that a party could contradict his previous answer to an interrogatory.

The trial court in this case rationalized its failure to apply the provisions of Code Ann. § 81A-136 by finding that the request was timely denied by virtue of the bank's response to appellant's interrogatories. We know of no authority which would justify the substitution of answers to interrogatories concerning similar factual statements for a proper response to requests for admissions. Cf. *ETI Corp. v. Hammett,* 140 Ga. App. 618, supra. Based upon the decisions cited above, we conclude that any evidence inconsistent with the binding effect of the admission could not be considered by the trial court on the motion for summary judgment. Accordingly, the trial court erred in finding that, as a matter of law, the criminal prosecution against appellant has not terminated and, granting summary judgment on the basis that this action for malicious prosecution was premature.

We note that, although the trial court erred in granting summary judgment for the reasons set forth above, before summary judgment was entered, there was nothing which would have prevented the bank from filing a proper motion to withdraw or amend the admission under Code Ann. § 81A-136 (b) and the trial court from making a determination on such a motion as set forth in *Moore &c. Partnership v. Stack,* 153 Ga. App. 215 (264 SE2d 725) (1980). This procedure was not followed, however, in the instant case. While, subsequent to the hearing on the motion for summary judgment but prior to the rendering of judgment, the bank filed a motion "To Further Answer Plaintiff's Request for Admissions," there is no order in the record before us allowing this "amendment" and nothing to indicate that this "amendment" was considered by the trial court in granting summary judgment.

2. Appellant also contends that the trial court erred in granting

summary judgment for the bank because the effect was to allow a collateral attack upon the judgment of nolle prosequi. Code Ann. § 27-1801 provides, in part: "After an examination of the case in open court, and before it has been submitted to the jury, the district attorney may enter a nolle prosequi with the consent of the court." In support of its motion for summary judgment, the bank presented two affidavits of the assistant district attorney who allegedly was in charge of prosecuting the criminal charges upon which appellant's malicious prosecution action is predicated. The thrust of the affidavit testimony was that the case was not examined in open court as required by Code Ann. § 27-1801. The trial court relied upon this testimony for its conclusion that the present action was premature because the criminal action had not terminated.

"Except for certain statutory exceptions (Code § 110-711) judgments which are void for causes not appearing on their face may only be attacked directly and only by parties to the judgment or their privies. Code Ann. § 81A-160. [Cit.] However, a judgment void on its face may be attacked in any court by any person when it becomes material to the interests of the parties to consider it. Code Ann. §§ 81A-160 (a), 110-709." *Wasden v. Rusco Indus. Inc.,* 233 Ga. 439, 444 (211 SE2d 733) (1975). " '[A] judgment is void on its face when there is a non-amendable defect appearing on the face of the record or pleadings which is not cured by verdict or judgment and pleadings affirmatively show that no legal claim in fact existed.' [Cit.]" *Dept. of Transp. v. Rudeseal,* 156 Ga. App. 712, 713 (276 SE2d 52) (1980).

We have reviewed the indictment upon which the order of nolle prosequi was entered and find no non-amendable defect appearing upon the face of the record. In finding on the basis of the affidavits filed in this case that the criminal prosecution against appellant had not terminated, the trial court sustained a collateral attack upon a prior judgment which is not "void" as defined in Code Ann. § 110-709. This was error.

3. In accordance with Divisions 1 and 2 of this opinion, the trial court erred in granting the bank's motion for summary judgment.

*Judgment reversed. Quillian, C. J., McMurray, P. J., Shulman, P. J., Birdsong, Sognier and Pope, JJ., concur. Deen, P. J., dissents. Banke, J., disqualified.*

DECIDED JULY 13, 1981 — REHEARING DENIED JULY 29, 1981.

*K. Van Banke,* for appellant.
*B. D. Murphy,* for appellee.

DEEN, Presiding Judge, dissenting.

Where an act is required by statute to be done in open court, such act if done otherwise is illegal and void. *Zugar v. State,* 194 Ga. 285 (21 SE2d 647) (1942); *Wilson v. State,* 215 Ga. 446 (1) (111 SE2d 32) (1959); *Blevins v. State,* 220 Ga. 720 (4) (141 SE2d 426) (1965).

Here the statute requires that a nolle prosequi be entered in open court. Code § 27-1801. This entry, made by rubber stamp and not in fact signed by the judge and not made in open court, is accordingly void. *Blanchard v. Taylor,* 136 Ga. App. 237, 238 (220 SE2d 757) (1975). A motion was in fact made by the bank to "further answer the request for admissions" which was, under the circumstances, formal rather than a substantive procedure since the bank had in both pleadings and discovery interrogatories already stated that the so-called nolle prosequi was illegally entered. The bank did in fact amend its answer to this interrogatory and (for the third time!) set out these facts. The court with all this before him thereafter sustained the motion for summary judgment.

In my opinion, the trial court did not abuse his discretion in (as he obviously did) considering the amendment as a sufficient compliance with the procedural statutes, and thereafter granting the motion for summary judgment. The majority opinion would reverse because it finds no *order* in the *record* specifically granting the motion to amend. I am inclined to feel that this is putting form before substance and would affirm.