66521. SMITH et al. v. HOUSING AUTHORITY OF ATLANTA.

McMURRAY, Presiding Judge.

This is a wrongful death action arising from the deaths of four children in a fire. The fire occurred in a unit of a housing development operated by defendant.

Plaintiffs' complaint alleges that at the time in question there

was in effect an ordinance of the City of Atlanta designated as § 11-3032, which required that defendant equip housing units such as here involved with a smoke detector and that defendant failed to do so, proximately causing the children's deaths. The complaint sets forth an additional claim predicated on common law negligence in the manner in which the housing development was maintained with respect to precautions against the hazards of fire.

Defendant's answer denied any negligence and set forth its defenses. Although admitting the existence of an ordinance of the City of Atlanta known as § 11-3032 defendant's answer denied that it is applicable to the case sub judice.

Plaintiffs and defendant submitted motions for partial summary judgment as to the issues posed by the allegations of plaintiffs' complaint, that is, that § 11-3032 of the ordinances of the City of Atlanta is applicable to the defendant and defendant's answer denying that such section is applicable in the circumstances of the case sub judice. The trial court entered its order denying plaintiffs' motion for partial summary judgment and granting defendant's motion for partial summary judgment. Plaintiffs appeal. *Held:*

In response to plaintiffs' requests for admissions defendant has admitted that a document attached as Exhibit A to plaintiffs' request for admissions is a true and complete copy of § 11-3032 of the Code of Ordinances of the City of Atlanta. Exhibit A also contains the certification of the deputy clerk of the city council of the City of Atlanta stating that said ordinance was taken from the 1977 Code of Ordinances adopted by the city council July 5, 1977, and approved on July 8, 1977. Also the deputy clerk makes specific reference to the "editorial note regarding effective date of ordinance." The relevant portion of § 11-3032 as set forth in Exhibit A states that "[a]ny person, firm or corporation who manages or controls any multi-family houses . . . with 10 or more dwelling units . . . shall at their expense . . . [p]rovide each single-family dwelling unit, each dwelling unit in an apartment house . . . with at least one (1) smoke detector." By further responses to plaintiffs' request for admissions defendant has also admitted that on May 8, 1981, the date of the fire, the said § 11-3032 was in effect, but denied that the portion of the ordinance dealing with smoke detectors was applicable to defendant's building.

Plaintiffs contend defendant's admissions in regard to Exhibit A are binding and that the trial court should not have considered inconsistent evidence. See in this regard *Albitus v. Farmers & Merchants Bank,* 159 Ga. App. 406 (283 SE2d 632). The evidence, which plaintiffs argue is inconsistent and which defendant argues is supplemental or additional evidence, is portions of two ordinances of the City of Atlanta dealing with the effective date and applicability of

the relevant portion of § 11-3032. The effective date and the applicability of § 11-3032 is set forth in ordinance provisions which, are not included in § 11-3032. However, Exhibit A contains an editorial note to § 11-3032 which refers to the two ordinance provisions in question.

The first of the two ordinance provisions which plaintiffs contend are inconsistent with Exhibit A is contained in the same ordinance adopted on May 21, 1979, and approved on May 26, 1979, which sets forth, in Section 1 of the ordinance, a substantive amendment of § 11-3032 adding thereto the requirement for the installation of smoke detectors. In other words, the smoke detector requirement upon which plaintiffs rely would not exist but for this ordinance. The allegedly inconsistent matter is contained in two other sections of this ordinance, approved on May 26, 1979, as amended, relating to its effective date and to its applicability but which did not amend the language of § 11-3032 or any other section of the Code of Ordinances of the City of Atlanta.

One of the ordinance provisions (of the ordinance approved May 26, 1979) which plaintiffs contend is inconsistent with Exhibit A was amended by an ordinance adopted on November 19, 1979, and approved on November 24, 1979. This ordinance amended Section 2 of the above-mentioned ordinance approved May 26, 1979. The original language of Section 2 of the ordinance approved May 26, 1979, which reads: "That this ordinance shall apply to existing apartment houses, condominiums and townhouses effective January 1, 1983," was replaced by language stating that: "The effective date of said ordinance shall be January 1, 1980." Section 4 of the ordinance approved May 26, 1979, provided that: "The provisions of this ordinance shall not apply to any construction in progress on, or completed prior to, the date that this ordinance becomes law." We find no conflict between the additional ordinance provisions considered by the trial court and the admissions by defendant, the additional ordinance provisions do not alter the true and complete copy of § 11-3032 contained in Exhibit A and were properly considered by the trial court on a motion for summary judgment. Compare *Albitus v. Farmers & Merchants Bank,* 159 Ga. App. 406, supra.

Thus, the ordinance approved May 26, 1979, as amended, states that its provisions are not applicable to construction completed prior to the date that it becomes law. Defendant's housing project in question was completed in 1941, many years prior to the effective date of the smoke detector requirement. The trial court did not err in denying partial summary judgment to plaintiffs and also did not err in granting partial summary judgment in favor of defendant.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED OCTOBER 14, 1983 —
REHEARING DENIED NOVEMBER 10, 1983 —

*John E. Feagin, Jr., Daniel C. B. Levy,* for appellants.
*A. Ed Lane, Stanley A. Coburn,* for appellee.