## 56056. TYSON v. AUTOMOTIVE CONTROLS CORPORATION.

SHULMAN, Judge.

Appellee brought suit against appellant on two accounts. Appellant answered, denying the debt. Appellee then served interrogatories and requests for admissions on appellant. When there was no response within 30 days to the requests, appellee filed a motion for summary judgment, basing the motion on the pleadings and the unanswered requests. A date was set for a hearing on appellee's motion. On the day prior to that set for the hearing, appellant answered the requests for admissions. He alleges that that day was the first time he was aware of the requests. This appeal is from the grant of summary judgment to appellee.

1. Appellant's contention made in his brief that he was not served with the requests for admissions is not supported by the record. "The record shows that service was perfected by mail. This is permissible. Code Ann. § 81A-105 (b). Standing unrefuted this fact of service in the

record controls." *Farr v. Farr,* 120 Ga. App. 762 (172 SE2d 158). There is no transcript of the hearing on the motion for summary judgment and nothing in the record shows an attempt by appellant to refute the fact of service until this appeal.

2. Failure to object to or respond to requests for admissions is deemed to be an admission of the requests. To avoid being bound by those admissions, the one who fails to answer must move under Code Ann. § 81A-136 (b) to withdraw the admissions. *Porter v. Murlas Bros. Commodities, Inc.,* 134 Ga. App. 96 (1) (213 SE2d 190). Appellant made no such motion and the admissions made by his failure to timely respond to the requests were binding. *Mountain View Enterprises, Inc. v. Diversified Systems,* 133 Ga. App. 249 (211 SE2d 186).

3. The matters admitted by appellant's failure to respond to the requests for admissions established appellee's case and entitled it to judgment in its favor.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

ARGUED MAY 23, 1978 — DECIDED SEPTEMBER 7, 1978 — REHEARING DENIED OCTOBER 5, 1978 —

Ernest Lee Tyson, *pro se.*
*Cotton, Katz, White & Palmer, James Cifelli,* for appellee.