76736. SUN et al. v. JONES et al.
(373 SE2d 656)

McMURRAY, Presiding Judge.

Joseph Sun, as father of Wesley Sun and Kristi Sun (minors), and individually (plaintiffs) brought an action against Malcolm Jones, Barbara Jones, Alice Rawlins Braswell and Mary Thompson (defendants), seeking damages for the alleged tortious conduct of defendants. The trial court subsequently dismissed plaintiffs' complaint "for want of prosecution . . . ," after the "case [was] called in open court on the 29th day of May, 1987," and after "the attorney for the [plaintiffs] . . . made no appearance or announcement on behalf of his [clients] . . ."

On December 3, 1987, plaintiffs filed a motion to vacate the trial court's order dismissing their complaint, arguing that plaintiff Joseph Sun, in his several capacities, "never received a notice of the call of the case. . . ." The trial court denied this motion, finding that "the file indicates that notice of the May 29, 1987 hearing was sent to [Joseph Sun's] last known address; and . . . the notice was returned to the clerk's office with the notation that there was no forwarding order on file and that the post office was unable to forward the notice . . . ." This pro se appeal followed. *Held*:

1. In the sole enumeration of error, plaintiff Joseph Sun contends the "[t]rial court abused its discretion in denying [his] Motion to Vacate . . . in that it denied [his] right to due process of the law under

the Fifth and Fourteenth Amendment of the Federal Constitution."

"Under Code Ann. § 81A-105 (b) [now OCGA § 9-11-5 (b)] service by mail is permissible. Upon mailing of the service copy, service is complete. The fact that service is complete, if unrefuted, controls. *Tyson v. Automotive Controls Corp.*, 147 Ga. App. 409 (249 SE2d 99) (1978); *Farr v. Farr*, 120 Ga. App. 762 (172 SE2d 158) (1969). [In the case sub judice, it] is undisputed that service was made in compliance with the provisions of Code Ann. § 81A-105 (b) [now OCGA § 9-11-5 (b)]. Where service is properly made, actual notice is not required. Cf. *Kiki Undies Corp. v. Promenade Hosiery Mills*, 308 FSupp. 489 (S.D. N.Y. 1969) (construing Rule 5 (b), F.R.C.P.).

" 'An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' *Mullane v. Central Hanover Bank & Trust Co.*, 339 U. S. 306, 314 (70 SC 652, 94 LE 865) (1949). The notice provided by Code Ann. § 81A-105 (b) [now OCGA § 9-11-5 (b)] is reasonably calculated to inform parties of matters affecting their interests. There is no constitutional requirement beyond this. We conclude that once apprised of the pendency of a lawsuit a party's constitutional right to notice and an opportunity to be heard is met by the service by mail provided by Code Ann. § 81A-105 (b) [now OCGA § 9-11-5 (b)]." *Allen v. Bd. of Tax Assessors*, 247 Ga. 568, 569 (277 SE2d 660). Accordingly, the trial court did not err in denying plaintiff's motion to vacate. See *Regante v. Reliable-Triple Cee*, 251 Ga. 629, 630 (2) (308 SE2d 372).

2. Defendant Mary Thompson's motion for an assessment of damages for frivolous appeal pursuant to OCGA § 5-6-6 is denied.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 23, 1988.

Joseph Sun, *pro se.*

Malcolm Jones, Barbara Jones, Alice Braswell, Mary Thompson, *pro se.*