## A04A1848. BARTOSZ v. CHAPPARAL ENTERPRISES, INC.
### (609 SE2d 185)

JOHNSON, Presiding Judge.

The issue in this appeal is whether the trial court should have granted a directed verdict based on an admission made by one of the parties. Because the admission was not introduced into evidence before the jury, and even if it had been it would have not have mandated a directed verdict, we find no error.

In 1986, Henry Bartosz, Jr., entered into a franchise agreement with Chapparal Enterprises, Inc., which owned a pest control business known as Cherokee Services. Pursuant to the agreement, Bartosz began operating his own pest control business using the Cherokee Services name, logo and trademark. He operated the business until June 2002, when he sold it to The ServiceMaster Company for $493,029.

In August 2002, Chapparal brought the instant lawsuit against Bartosz, claiming that he had failed to pay more than $100,000 in monthly fees required by the franchise agreement. Bartosz answered the complaint, and on September 19, 2002, served Chapparal by mail with various discovery documents, including a request for admissions. One of the things that Bartosz asked Chapparal to admit was that Chapparal had previously accepted Bartosz's offer to settle the matter of unpaid franchise fees for $30,000.

On October 22, 2002, the secretary for Chapparal's lawyer called Bartosz's lawyer's office and asked for an extension of time to respond to the discovery requests. On October 24, 2002, Bartosz's lawyer returned the call to Chapparal's lawyer's secretary and refused to agree to an extension. That same day, Chapparal's lawyer filed the response to Bartosz's request for admissions. In the response, Chapparal admitted that on June 5, 2002, Bartosz had offered to pay $30,000 in full settlement of the unpaid franchise fees, but Chapparal denied that it had accepted Bartosz's settlement offer.

The case proceeded to a jury trial which was held in December 2003. The only witnesses for Chapparal's case-in-chief were Bartosz and Jack Spivey, Chapparal's principal owner. Bartosz admitted that he had not lived up to his end of the bargain because he had not paid the franchise fees on a regular basis. Spivey testified that when

Bartosz told him he was selling his business, he offered to give Spivey $30,000, but Spivey rejected that offer and said he would accept $100,000. After Spivey's testimony, Chapparal rested.

Bartosz moved for a directed verdict, and for the first time he raised the issue of the timeliness of Chapparal's response to the discovery request for admissions. Bartosz argued that Chapparal's response had been filed two days beyond the applicable time limit, and that such an untimely response constituted a binding admission. Specifically, Bartosz claimed that the late response amounted to an admission by Chapparal that the matter of the unpaid franchise fees had been settled for $30,000. Thus, he asked the trial court to rule that any verdict in Chapparal's favor be limited to that amount. In support of his directed verdict motion, Bartosz presented to the court his request for admissions and Chapparal's response. The trial court admitted the documents for purposes of the motion, but ultimately denied Bartosz's motion for a directed verdict limiting damages to $30,000.

Bartosz then testified as the lone defense witness. He claimed that when he first made the offer of $30,000, Spivey said he would accept that amount and they shook hands. But the next morning, Spivey called Bartosz and said he wanted $100,000. During his testimony, Bartosz never mentioned his request for admissions or Chapparal's response thereto, and neither those documents nor any other evidence of the purported admission were admitted into evidence for the jury's consideration.

After approximately two and a half hours of deliberations, the jury returned a verdict in favor of Chapparal in the amount of $56,555. Based upon a stipulated set-off of $1,500, the trial court entered judgment for Chapparal in the amount of $55,055. Bartosz appeals.

Bartosz's sole argument on appeal is that the trial court erred in denying his motion for a directed verdict to limit damages to $30,000 based upon Chapparal's untimely response to the request for admissions. While Bartosz is correct that Chapparal's late response constituted an admission that it had accepted Bartosz's settlement offer of $30,000, Bartosz was not entitled to a directed verdict limiting damages to that amount because he failed to introduce the admission into evidence before the jury, and even if he had introduced it, the matter admitted did not conclusively establish that the debt had actually been satisfied.

1. OCGA § 9-11-36 governs requests for admissions. It provides that a party may serve upon another party a written request for the admission of the truth of any matter that is not privileged and is

relevant to the pending action.[1] That Code section further provides that a matter is deemed admitted unless, within 30 days after service of the request, the party who received the request serves a written answer or objection.[2] Moreover, any matter admitted under that Code section is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission.[3] The court may permit withdrawal or amendment if it will subserve the presentation of the merits of the action and if the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice his action or defense.[4]

In the instant case, Chapparal has not disputed Bartosz's claim that its response to the request for admissions was untimely, and the record supports that claim. According to the record, the request was served by mail on September 19, 2002. Because service was made by mail, three days must be added to the prescribed thirty-day response period.[5] Chapparal thus had 33 days, or until October 22, 2002, to serve its response. But Chapparal did not serve Bartosz with its response until October 24. Since the response was two days late, Chapparal is deemed to have admitted the requested matter in question — i.e., that it accepted Bartosz's offer to settle for $30,000.[6]

Moreover, that admitted matter was conclusively established unless the court, on motion, permitted its withdrawal or amendment. Chapparal, however, never moved to withdraw or amend the admission, and the trial court in fact never permitted any withdrawal or admission.[7] Accordingly, Chapparal's admission conclusively established that it had accepted the offer to settle for $30,000.

However, such an admission must be introduced into evidence before it can be considered by the trier of fact.[8] In this case, Bartosz never introduced Chapparal's admission into evidence before the jury, which sat as the trier of fact. During Chapparal's case-in-chief, Bartosz could have introduced the admission either during his own testimony or during his cross-examination of Spivey, who had denied that he accepted the $30,000 settlement offer. But Bartosz did not take either opportunity to introduce the admission to the jury. Instead, he waited until Chapparal had rested and the jury had left

---

[1] OCGA § 9-11-36 (a) (1).

[2] OCGA § 9-11-36 (a) (2).

[3] OCGA § 9-11-36 (b).

[4] Id.

[5] OCGA § 9-11-6 (e).

[6] See *Schafer v. Wachovia Bank &c.*, 248 Ga. App. 466, 468 (2) (546 SE2d 846) (2001).

[7] Compare *Rowland v. Tsay*, 213 Ga. App. 679, 679-681 (1) (445 SE2d 822) (1994).

[8] See *Schafer*, supra at 469; *Brooks v. Roley &c. Engineers*, 144 Ga. App. 101, 101-102 (1) (240 SE2d 596) (1977).

the courtroom before introducing the admission to the judge solely for the purpose of his directed verdict motion. Even after the motion was denied, he still failed to present the admission to the jury as part of his own defense evidence.

"Directed verdict is proper where there is no conflict in the evidence as to any material issue and the evidence introduced together with all reasonable deductions or inferences therefrom demands a verdict."[9] Since Chapparal's admission was never introduced to the jury, it could not have provided any basis for a directed verdict.[10] Further, the evidence which was actually presented to the jury was in conflict as to whether or not Chapparal accepted Bartosz's offer to settle for $30,000, and thus a directed verdict on that issue would not have been proper.

2. Even if the admission had been properly introduced to the jury, it would not have entitled Bartosz to the relief that he sought — a directed verdict limiting damages to $30,000. Contrary to Bartosz's claims, there is no evidence that the matter was actually settled for that amount.

> When a new agreement takes the place of an old one, this ends the old agreement. The legal words for such an end to an old agreement are accord and satisfaction. It takes place where the parties satisfy one agreement by making and carrying out a new one; where they expressly agree that the new one takes the place of the old; or where there is a new consideration for a new promise in place of the old one.[11]

"[A]n agreement by a creditor to receive less than the amount of his debt cannot be pleaded as an accord and satisfaction unless it is actually executed by the payment of the money, the giving of additional security, the substitution of another debtor, or some other new consideration."[12]

In the instant case, the admission conclusively established only that Chapparal had agreed to accept Bartosz's offer to settle the claimed $100,000 debt for only $30,000. But there is no evidence that Bartosz actually executed payment of that $30,000. Since the new agreement was not carried out, there was no accord and satisfaction

---

[9] (Citation and punctuation omitted.) *Sarver v. Orrington*, 193 Ga. App. 42, 43 (b) (387 SE2d 4) (1989).

[10] See *Nat. Bank of Ga. v. Hill*, 148 Ga. App. 688, 689 (1) (252 SE2d 192) (1979) (trial court erred in dismissing case based on admissions not tendered in evidence).

[11] *Golden Peanut Co. v. Bass*, 249 Ga. App. 224, 226-227 (1) (547 SE2d 637) (2001), quoting portion of pattern jury charge on accord and satisfaction.

[12] OCGA § 13-4-103 (a).

of the debt. And absent an actual binding settlement, Bartosz was not entitled to a directed verdict limiting Chapparal's recovery to $30,000.
*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JANUARY 7, 2005.

*S. Robert Hahn, Jr., George L. Kimel*, for appellant.
*Fortson, Bentley & Griffin, Robert N. Elkins*, for appellee.