A07A0863. KIRKLAND v. KIRKLAND et al.

(645 SE2d 626)

BLACKBURN, Presiding Judge.

Dwain Lee Kirkland, pro se, appeals the denial of his motion for summary judgment and the grant of summary judgment to his mother, Ruby Kirkland, whom Dwain sued individually and in her capacity as executor of his father's estate, alleging various tortious conduct. Dwain contends that the trial court erred by (1) denying two recusal motions, (2) relying on Ruby's affidavit filed in response to Dwain's motion for summary judgment, (3) ruling that his personal injury claims were time barred, (4) ruling that his claim based on post traumatic stress disorder (PTSD) was not a continuing tort, and (5) granting summary judgment on his breach of contract claim. For the reasons that follow, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

So viewed, the record shows that in July 2004, Dwain, then a 49-year-old, filed a complaint against his mother and his deceased father's estate, alleging various tortious acts committed during his childhood which amounted to intentional and negligent infliction of emotional distress, assault, battery, and breach of contract. Dwain also alleged that he now suffers from PTSD due to the physical and verbal abuse he received as a child, and that Ruby threatened to kill him in 2004, just prior to his filing of the lawsuit. After deposing Dwain, Ruby moved for summary judgment, arguing that Dwain's claims were time-barred by the two-year statute of limitation in OCGA § 9-3-33. Dwain then moved for summary judgment, and Ruby responded with an affidavit denying Dwain's factual allegations. After a hearing, the trial court granted Ruby's motion and denied Dwain's motion, giving rise to this appeal.

1. During the discovery process, Dwain moved to recuse Judge Hodges, who was assigned this case and who had apparently earlier heard a separate case in which Dwain appealed a probate court ruling on Dwain's caveat to his father's will. Judge Bailey held a hearing on

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Dwain's motion and subsequently denied Dwain's motion to recuse Judge Hodges. Dwain then filed a motion to recuse Judge Bailey, who denied that motion as untimely. Dwain now appeals the denial of both motions to recuse.

(a) *Recusal of Judge Hodges.*

> This Court employs an abuse of discretion standard in reviewing rulings made upon motions to recuse. In order to disqualify a judge, the alleged bias must stem from an extra-judicial source and result in an opinion based on something other than what the judge learned from participating in the case. The trial judge has the duty to determine whether, assuming the truth of the facts alleged, a reasonable person might conclude that the judge harbors bias, stemming from an extrajudicial source, which is of a nature and intensity as would interfere with the exercise of impartial judgment.

(Citation, punctuation and footnote omitted.) *Kirkland v. Tamplin.*[2] Here, Dwain based his motion to recuse on an affidavit alleging that Judge Hodges (1) displayed a "tone of voice and facial expression" showing animosity, and (2) that Judge Hodges said, "Mr. Kirkland has filed a caveat which I assume was decided against him in the probate court and he has now filed an appeal to this court." With respect to Judge Hodges's tone and demeanor, Dwain's conclusory characterization does not demonstrate an extra-judicial bias of a nature and intensity that would interfere with an impartial exercise of judgment. See *Kirkland v. Tamplin*, supra, 283 Ga. App. at 600 (3) (a). With respect to Judge Hodges's statement, which was accurate and respectfully worded, we discern no evidence of bias. Accordingly, this enumeration is without merit.

(b) *Recusal of Judge Bailey.* Following Judge Bailey's ruling on the motion to recuse Judge Hodges, Dwain moved to recuse Judge Bailey, citing the fact that Judge Bailey had in a prior unrelated hearing appeared "friendly" and in the recusal hearing Judge Bailey appeared "flat" and did not ask any questions. Dwain also alleged that Judge Bailey off the record chatted briefly with opposing counsel in a friendly manner without chatting with Dwain. These assertions are identical to arguments we found meritless in an earlier appeal brought by Dwain in a similar case. See *Kirkland v. Tamplin*, supra, 283 Ga. App. at 600 (3) (b). We therefore discern no error here.

---

[2] *Kirkland v. Tamplin*, 283 Ga. App. 596, 599 (3) (642 SE2d 125) (2007).

2. Dwain contends that an affidavit Ruby filed in response to Dwain's motion for summary judgment was untimely. We disagree.

OCGA § 9-11-56 (c) provides that a party adverse to a motion for summary judgment may serve an opposing affidavit "prior to the day of hearing." Here, the trial court sent both parties a rule nisi notice one month before the hearing, which was held on October 18, 2006. On October 17, 2006, Ruby filed an affidavit disputing the facts alleged by Dwain, and served the affidavit by U. S. mail the same day, i.e., one day prior to the hearing. As service by mail is complete upon mailing, OCGA § 9-11-5 (b), the affidavit was not untimely. See *Martin v. Newman*;[3] *Owen v. M & M Metro Supply*[4] ("service is perfected where there is proof of service in one of the ways specified in the statute, even though the adverse party may not have in fact received actual notice").

3. Dwain contends that the trial court erred in ruling that his claims were barred by the statute of limitation. We disagree.

As demonstrated by Dwain's complaint, deposition, and subsequent affidavits, Dwain alleges that Ruby and his father committed various personal injuries to Dwain when Dwain was a child, and he now seeks damages for those abuses.[5] Ruby moved for summary judgment on the ground that Dwain's claims were time barred by OCGA § 9-3-33, which provides that "[a]ctions for injuries to the person shall be brought within two years after the right of action accrues." As the alleged abuses were themselves wrongful, Dwain's right of action accrued at the time of the abuse, which Dwain's deposition shows ended at the latest, by the time he moved out of state in 1977, when Dwain was 22. See *Risner v. R. L. Daniell & Assoc.*[6] Hence, the trial court did not err in granting summary judgment to Ruby.

4. Dwain also contends that the trial court erred in refusing to apply the theory of continuing tort to his allegation of PTSD. We disagree.

Dwain alleges that due to physical and mental abuse he received as a child, he now suffers from PTSD as an adult. In response to Ruby's statute of limitation defense, Dwain alleges that he did not discover his disorder until 2004, the year he filed this suit. However, "[t]he fact that appellant may not have recognized, or discovered, the full impact of the alleged harm until [2004] does not obviate the fact

---

[3] *Martin v. Newman*, 162 Ga. App. 725, 726 (2) (293 SE2d 18) (1982).

[4] *Owen v. M & M Metro Supply*, 198 Ga. App. 420, 421 (1) (401 SE2d 612) (1991).

[5] Dwain's complaint contains many wide-ranging and vague allegations. However, in an affidavit filed July 10, 2006, he concedes that many of the alleged wrongful acts did not cause monetary damages.

[6] *Risner v. R. L. Daniell & Assoc.*, 231 Ga. App. 750, 752 (500 SE2d 634) (1998).

that [his] exposure to the tortious acts producing the injur[ies]," ceased more than two years before he filed his complaint.[7] *Hickey v. Askren.*[8] See *Bitterman v. Emory Univ.*[9] (plaintiff's "injury was occasioned by violent external means and the statute of limitation began to run on the day his injury was actually sustained") (punctuation omitted). Therefore, this enumeration is without merit.

5. Dwain also contends that the trial court erred in granting summary judgment to Ruby on a breach of contract claim. However, in his deposition and a subsequent affidavit, Dwain conceded, in his own words, that (1) "there is no real legal aspect to" his breach of contract claim, (2) "there is no claim there," and (3) that he did not find claim to "have caused the monetary damages" alleged in the complaint. In Dwain's brief, he asserts that he was remembering the claim incorrectly during his deposition, and that he supplemented his deposition with an affidavit. However, that affidavit alleged that his father had an extramarital affair and contains nothing relating to a breach of contract. Accordingly, we discern no error.

6. We exercise our discretion to deny defendants' motion for sanctions. Dwain's remaining enumerations are moot.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED APRIL 17, 2007 —
RECONSIDERATION DENIED MAY 8, 2007 —

Dwain L. Kirkland, *pro se.*

*Blasingame, Burch, Garrard & Ashley, Thomas H. Rogers, Jr., Thomas F. Hollingsworth III*, for appellees.

[7] Because Dwain was no longer a minor as of 1973, this outcome is not affected by OCGA § 9-3-90, which tolls the statute of limitation during which time a person is a minor.

[8] *Hickey v. Askren*, 198 Ga. App. 718, 720 (2) (b) (403 SE2d 225) (1991).

[9] *Bitterman v. Emory Univ.*, 175 Ga. App. 348 (1) (333 SE2d 378) (1985).