A10A2178. CRUICKSHANK v. FREMONT INVESTMENT & LOAN et al.
(705 SE2d 298)

JOHNSON, Judge.

Kenneth Cruickshank sued Fremont Investment & Loan, McCurdy & Candler, LLC, and Mortgage Electronic Registration Systems, Inc. ("MERS") asserting, among numerous other claims, wrongful foreclosure.[1] The trial court granted Fremont's, McCurdy's, and MERS's motions for summary judgment and denied Cruickshank's cross-motion for summary judgment as untimely filed. On appeal, Cruickshank claims that his requests for admissions were admitted by Fremont, McCurdy, and MERS because McCurdy and MERS failed to respond to the requests in a timely manner or to make

---

[1] Cruickshank sued Fremont, McCurdy, and MERS for quiet title, wrongful foreclosure, breach of loan agreement, fraud, intentional infliction of emotional distress, wrongful eviction, predatory lending/violations of civil rights, punitive damages, and attorney fees.

a filing contemplated by the Uniform Superior Court Rules ("USCR"), and that the admissions, in turn, created issues of material fact precluding the grant of summary judgment.[2] We disagree for the reasons set forth below.

"On review of a grant of summary judgment, we apply a de novo standard of review and view the evidence in the light most favorable to the nonmovant. If there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law, summary judgment is proper."[3]

Viewed independently of the requests for admissions, the evidence shows that Fremont loaned Cruickshank $290,454. The loan was secured by a first priority security deed in favor of Fremont and its nominee, MERS, encumbering certain Cobb County real property. Cruickshank defaulted on the loan and failed to cure the default within 30 days of notice thereof.

In light of the default, Fremont hired McCurdy to handle the nonjudicial foreclosure sale of the property, but before the sale Cruickshank tendered two drafts, each entitled "International bill of exchange," as full settlement of Cruickshank's loan obligations to Fremont.[4] Fremont presented the drafts to its financial institution, which then returned the drafts to Fremont with the notation "account closed." The secured property was later knocked off and sold at foreclosure to Fremont for $231,000.

Notwithstanding the foregoing, Cruickshank relies on facts which he claims were admitted by Fremont, McCurdy, and MERS through McCurdy's and MERS's alleged failure to timely respond to his requests for admissions or to timely file certificates of compliance under USCR 5.2. These admitted facts include, as contended by Cruickshank, that there was no consideration for the underlying debt obligation and that he tendered full payment for any debt obligation owing to Fremont, rendering summary judgment on his claims inappropriate. Because Cruickshank relies on the alleged admissions to show error, the threshold question is whether McCurdy and MERS[5] admitted Cruickshank's requests for admissions.[6] If not, Cruick-

---

[2] The appellant's argument calls to mind a passage in philosopher Thomas Carlyle's master work, Sartor Resartus: "Man is, properly speaking, based upon Hope, he has no possession but Hope, this world of his is emphatically the 'Place of Hope.' " Alas, such hope is legally insufficient to allow, much less require, that the trial court's judgment be reversed.

[3] *Nat. Business Acquisitions v. Mandula*, 245 Ga. App. 14, 15 (1) (537 SE2d 162) (2000).

[4] Fremont also held a loan secured by a second deed to secure debt on the property.

[5] Fremont argues that McCurdy did not file an untimely response to Cruickshank's request for admissions and does not attempt to differentiate itself from McCurdy for purposes of the alleged admissions.

[6] In summary, Cruickshank's claims of error are that (i) the trial court contradicted Fremont's, McCurdy's, and MERS's admissions in granting their motion for summary

shank's appeal fails.

OCGA § 9-11-36 (a) (2) provides in relevant part:

> Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney. . . .

If the time for response to a request for admission passes "without answer or objection, then the requests are admitted subject only to the requestee's opportunity under OCGA § 9-11-36 (b) on motion to have his admissions withdrawn. . . ."[7]

With respect to MERS, the record shows that Cruickshank served a request for admissions on MERS's counsel by hand delivery on March 20, 2009. On April 20, 2009, MERS's counsel served Cruickshank with its response by mailing a copy of the response to Cruickshank by first class mail. Cruickshank contends he received the response on April 22, 2009, two days beyond the deadline for a timely response.

As relevant here, service of pleadings and other papers subsequent to the original complaint is made by delivering a copy to the person to be served or "by mailing it to the person to be served . . . ,"

---

judgment; (ii) the request for admissions were admitted because they were filed late for purposes of OCGA § 9-11-36 (a) and (b); (iii) each and every averment was admitted without objection; (iv) the trial court erred in concluding Cruickshank failed to set forth facts showing a genuine issue of fact on any of his claims (because, as he argues in the body of his brief, the defendants had admitted every prima facie element of his action); (v) the trial court erred in admitting evidence contrary to the admissions; (vi) the trial court erred because the admissions were not withdrawn; and (vii) the trial court erred in entering an order claiming that Cruickshank had agreed that all dispositive pleadings be filed by August 31, 2009. As to the last claim, which is based on an absence of such consent in the record and his own lack of recall, Cruickshank again returns to the argument about the admissions in the body of his brief.

[7] (Citation, punctuation and emphasis omitted.) *Atlanta Cas. Co. v. Goodwin*, 205 Ga. App. 421 (422 SE2d 76) (1992). See *Nat. Bank of Ga. v. Great Southern Business Enterprises*, 130 Ga. App. 221 (202 SE2d 848) (1973); *Nat. Bank of Ga. v. Merritt*, 130 Ga. App. 85, 86-87 (1) (202 SE2d 193) (1973).

Although McCurdy and MERS maintained below that they had timely responded to Cruickshank's request for admissions, they moved in their respective summary judgment reply briefs to withdraw their admissions should they be deemed admitted by an untimely response. The trial court's order on motion for summary judgment is consistent with a finding that McCurdy and MERS did not admit Cruickshank's requests for admission. The record does not indicate that the trial court found wholesale admissions as alleged by Cruickshank and then allowed withdrawal of the admissions. See *Hanson v. Farmer*, 163 Ga. App. 561, 562 (1) (295 SE2d 343) (1982) (ruling on motion to withdraw admission improper without a hearing).

and in the latter case "[s]ervice by mail is complete upon mailing."[8] Thus, although Cruickshank points to the date of his receipt of MERS's response as controlling, service was complete on April 20, 2009. Further, MERS served Cruickshank with its response within the required 30-day period as calculated under OCGA § 1-3-1 (d) (3).[9] Accordingly, MERS's service was timely.

Cruickshank contends that MERS nevertheless failed to file the certificate required by USCR 5.2 with the clerk of the superior court within the time required.[10] The record shows that MERS filed its "Certificate of Compliance with Rule 5.2 Response" on April 21, 2009, which was not within the 30-day period required for service of MERS's response to the request for admissions. Pretermitting the timeliness of MERS's filing of the Rule 5.2 certificate,[11] the admission for failure to respond contemplated by OCGA § 9-11-36 (a) (2) is tied to whether requestee "serves" the response.[12] Cruickshank does not show otherwise. "If a party served with a request for admission does not *serve* an answer or objection and does not move for an extension of time or to withdraw the admissions resulting from a failure to answer, the matter stands admitted."[13] It follows that MERS, having timely served its response, did not admit in wholesale Cruickshank's request for admissions.

As to McCurdy, the record shows that Cruickshank served his

---

[8] OCGA § 9-11-5 (b). See *Allen v. Bd. of Tax Assessors &c.*, 247 Ga. 568, 569 (277 SE2d 660) (1981) ("Upon mailing of the service copy, service is complete. The fact that service is complete, if unrefuted, controls."); *Kirkland v. Kirkland*, 285 Ga. App. 238, 240 (2) (645 SE2d 626) (2007) (service by mail is complete upon mailing); *Tyson v. Automotive Controls Corp.*, 147 Ga. App. 409, 409-410 (1) (249 SE2d 99) (1978) (service of request for admissions perfected by mail).

[9] See OCGA § 9-11-6 (a) ("In computing any period of time prescribed or allowed by this chapter . . . the computation rules prescribed in paragraph (3) of subsection (d) of Code Section 1-3-1 shall be used."). The 30th day after March 20, 2009 fell on Sunday, April 19, 2009, and so MERS had until Monday, April 20, 2009, to serve Cruickshank. Unless otherwise specifically provided, in calculating a period of time for the discharge of any duty, "the first day shall not be counted but the last day shall be counted; and, if the last day falls on Saturday or Sunday, the party having such privilege or duty shall have through the following Monday to exercise the privilege or to discharge the duty." OCGA § 1-3-1 (d) (3).

[10] USCR 5.2 provides, in applicable part, "original discovery material shall not be filed with the court unless or until required by the provisions of OCGA § 9-11-29.1 (a) (1)-(5)," and "[a] party serving . . . Requests for Admission and Answers or responses . . . shall file with the court a certificate indicating the pleading which was served, the date of service . . . and the persons served."

[11] USCR 5.2 does not provide for a specific time in which the certificate must be filed, but Cruickshank contends that it must be filed "within" the time allowed for service of the response to his requests for admission in light of OCGA § 9-11-5 (d), notwithstanding OCGA § 9-11-29.1 (a) (limiting filing requirements for discovery material).

[12] "The matter is admitted unless, within 30 days after service of the request . . . , the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter. . . ." OCGA § 9-11-36 (a) (2).

[13] (Emphasis supplied.) *Albitus v. Farmers &c. Bank*, 159 Ga. App. 406, 407 (1) (283 SE2d 632) (1981).

request for admissions on August 20, 2008, by hand delivery. McCurdy mailed a response on September 19, 2008,[14] within 30 days of the service of the request for purposes of OCGA § 1-3-1 (d) (3). Thus, as with MERS, the response was timely served within 30 days of the service of the request, and McCurdy did not admit Cruickshank's requests for admission notwithstanding whether it filed a Rule 5.2 certificate in a timely manner.

*Judgment affirmed. Miller, C. J., and Phipps, P. J., concur.*

DECIDED DECEMBER 17, 2010.

Kenneth Cruickshank, *pro se.*

*McCurdy & Candler, Frank R. Olson, Troutman Sanders, Kelly L. Atkinson,* for appellees.

---

[14] Cruickshank does not contest McCurdy's characterization of its transmission by Federal Express as a "mailing" for purposes of OCGA § 9-11-5 (b). Inasmuch as Cruickshank did not raise the issue here or below, we decline to address it.