**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

May 16, 2012

# In the Court of Appeals of Georgia

A12A0325. PATEL v. COLUMBIA NATIONAL INSURANCE
COMPANY.

MCFADDEN, Judge.

The trial court granted summary judgment to Columbia National Insurance
Company on B. J. Patel's claim that Columbia had breached its obligation under an
insurance policy to compensate her for damages connected with the burglary of her
business. Patel appeals, arguing that the court improperly treated certain dispositive
facts as undisputed after Patel failed to file a timely response to Columbia's requests
to admit those facts. Because Patel's untimely response constituted an admission of
the facts and she did not seek to withdraw that admission in accordance with OCGA
§ 9-11-36 (b), the court was authorized to find that the facts were undisputed.
Accordingly, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Hutto v. CACV of Colo.*, 308 Ga. App. 469 (707 SE2d 872) (2011). We review the grant of summary judgment de novo, construing the evidence in favor of the nonmovant. Id. In this case, however, the appellant Patel does not argue that the trial court erred in his application of the summary judgment standard. Instead Patel challenges the trial court's determination that the facts of record include certain admissions arising out of Patel's failure to timely respond to Columbia's requests to admit. We therefore confine our analysis to that issue.

The evidence in this case showed that Columbia issued to Patel an insurance policy covering Patel's business. Pertinently, the policy excluded from coverage loss or damage caused by theft "[i]f the building where loss or damage occur[red] ha[d] been vacant for more than 60 consecutive days before that loss or damage occur[red]." The policy also required Patel to give Columbia "prompt notice" of any loss or damage.

On or about September 16, 2007, during the coverage period, the business was burglarized. Patel made a claim to Columbia for coverage of the damages sustained in the burglary, and when Columbia did not pay the claim, Patel brought this action.

2

Columbia served upon Patel requests for admissions, which included the following:

> 1. Admit that your property located at [the business address] in Columbus, Georgia was "vacant" within the meaning of the definition contained in your Businessowners Liability insurance policy with Columbia National Insurance Company, [policy number], at the time of all incidents giving rise to your claims for insurance coverage as indicated in your Complaint and the above-captioned lawsuit.
>
> . . .
>
> 3. Admit that you failed to provide any notice of any incident or "occurrence" within the meaning of your policy to Columbia National Insurance Company or to any other party named in the above-captioned lawsuit *prior to July 29, 2008*.

(Emphasis in original.) According to the certificate of service, Columbia placed the requests for admissions in the United States mail on May 25, 2010. In an affidavit, Patel stated that she did not receive the requests until June 10, 2010. She responded to the requests on July 6, 2010, denying the two requests cited above.

In support of its motion for summary judgment, Columbia argued that Patel did not timely respond to its requests for admissions, and thus the facts were deemed admitted. Consequently, Columbia argued, it was undisputed that the property was

3

vacant at the time of the burglary and that Patel did not give notice of the loss and damage from the burglary until more than ten months later. Thus, Columbia concluded, as a matter of law it had no obligation under the policy to cover Patel's loss and damage from the burglary.

Patel opposed the motion for summary judgment only on the ground that the facts concerning the vacancy of the property and the timing of her notice should have been treated as disputed because questions existed regarding the timeliness of her response to the requests for admissions. Her sole claim of error on appeal is that the trial court granted summary judgment to Columbia "upon facts deemed admitted pursuant to [Columbia's] Request for Admissions without a proper consideration of [Patel's] contention that her responses thereto were timely," and she offers no argument or citation of authority opposing summary judgment for any other reason.

We find no merit in Patel's claim of error. OCGA § 9-11-36 of Georgia's Civil Practice Act governs requests for admissions. It allows a party to "serve upon any other party a written request for the admission . . . of the truth of any matters within the scope of subsection (b) of Code Section 9-11-26 [general provisions governing discovery] which are set forth in the request and that relate to statements or opinions of fact or the application of law to fact. . . ." OCGA § 9-11-36 (a) (1). "The matter is

admitted unless, within 30 days after service of the request or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney." OCGA § 9-11-36 (a) (2). "Any matter admitted under this Code section is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission." OCGA § 9-11-36 (b).

Because Columbia served its requests for admissions by mail, three days must be added to the prescribed thirty-day response period. *Bartosz v. Chapparal Enters.*, 271 Ga. App. 246, 248 (1) (609 SE2d 185) (2005) (citing OCGA § 9-11-6 (e)). Because Patel served her response more than 33 days after May 25, pursuant to OCGA § 9-11-36 (a) (2) she is deemed to have admitted the requested matters at issue in this appeal – that her property was vacant and that she did not give notice until July 29, 2008. See *Bartosz*, 271 Ga. App. at 248 (1). Although Patel testified in her affidavit that she did not receive the requests until June 10, 2010, she did not move to withdraw or amend the admissions that arose by operation of OCGA § 9-11-36, and the trial court did not permit any withdrawal or amendment. Compare *131 Ralph McGill Blvd., LLC v. First Intercontinental Bank*, 305 Ga. App. 493, 494-495 (1)

5

(699 SE2d 823) (2010). Consequently, the matters addressed in the requests were conclusively established by Patel's admissions pursuant to OCGA § 9-11-36 (b), see *Bartosz*, 271 Ga. App. at 248 (1), and the trial court did not err in finding these matters to be undisputed.

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*

6