**FOURTH DIVISION
DOYLE, P. J.,
COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**September 4, 2019**

# In the Court of Appeals of Georgia

A19A1151. GEORGIA DEPARTMENT OF HUMAN SERVICES
   et al. v. MUFF et al.

COOMER, Judge.

Brandi Muff filed a complaint against the Georgia Department of Human Services, the Georgia Department of Family and Children Services (collectively, the "Department"), and others, alleging that her minor son had been abused by his paternal grandparents and other relatives, resulting in his death, and that the Department had failed to investigate the abuse and failed to protect him. The Department moved to dismiss the suit for lack of subject matter jurisdiction on sovereign immunity grounds. The trial court denied the motion, and we granted the Department's application for interlocutory appeal. On appeal, the Department argues, among other things, that the trial court erred in denying its motion to dismiss because

Muff's initial complaint did not include the required ante litem notice exhibits, and she was late in amending her pleadings to add those exhibits. We agree and reverse the trial court's denial of the Department's motion to dismiss.

"We review de novo a trial court's ruling on a motion to dismiss based on sovereign immunity grounds, which is a matter of law. Factual findings are sustained if there is evidence supporting them, and the burden of proof is on the party seeking the waiver of immunity." *Driscoll v. Bd. of Regents of the Univ. System of Ga.*, 326 Ga. App. 315, 315 (757 SE2d 138) (2014) (footnote and punctuation omitted).

In May 2016, Muff filed suit against the Department, the Dougherty County School System, three employees of the Dougherty County School System, and several paternal relatives. Muff's complaint alleged that her son, who lived with his grandparents, suffered abuse from his relatives, and that teachers at his school failed to report the abuse to the police or the Georgia Department of Family and Children Services. Muff further alleged that the Department failed to investigate her son's abuse and failed to protect him. The initial complaint contained no ante litem notice exhibits.

The Department filed a motion to dismiss, arguing, among other things, that Muff failed to attach ante litem notice exhibits to the complaint as required by OCGA

2

§ 50-21-26. According to the certificate of service for the motion to dismiss, the Department served the motion by placing it in the mail to Muff's counsel on June 3, 2016. The Department's motion was filed on June 6, 2016.

On July 11, 2016, Muff filed an amended complaint and attached the ante litem notice as an exhibit. After a hearing, the trial court denied the Department's motion to dismiss. The trial court granted a certificate of immediate review and the Department filed an application for interlocutory review, which we granted. This appeal followed.

1. The Department contends that the trial court erred in calculating the 30-day cure period under OCGA § 50-21-26. We agree.

"The Legislature enacted the Georgia Tort Claims Act, OCGA § 50-21-20 et seq., in order to balance strict application of the doctrine of sovereign immunity against the need for limited exposure of the State treasury to tort liability." *Shelnutt v. Ga. Dept. of Transp.*, 272 Ga. App. 109, 109 (611 SE2d 762) (2005) (citation and punctuation omitted). The Georgia Tort Claims Act provides a limited waiver of sovereign immunity in certain cases where a claimant complies with the requirements of the Act. OCGA § 50-21-21 (a). These requirements include the ante litem notice provisions of OCGA § 50-21-26. "Strict compliance with the provisions of OCGA

3

§ 50-21-26 is required." *Shelnutt*, 272 Ga. App. at 110 (citation omitted). OCGA § 50-21-26 (4) provides:

> Any complaint filed pursuant to this article must have a copy of the notice of claim presented to the Department of Administrative Services together with the certified mail or statutory overnight delivery receipt or receipt for other delivery attached as exhibits. If failure to attach such exhibits to the complaint is not cured within 30 days after the state raises such issue by motion, then the complaint shall be dismissed without prejudice[.]

Muff's complaint did not include the required ante litem notice exhibits. The Department raised the absence of these exhibits in its motion to dismiss. The Department's motion was served on Muff's counsel by mail on June 3, 2016, and was filed on June 6, 2016. Muff then had a 30-day cure period to amend her pleadings to attach the required exhibits. See OCGA § 50-21-26 (a) (4).

OCGA § 9-11-6 (e) provides as follows:

> (e) Additional time after service by mail or e-mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper, other than process, upon him or her, and the notice or paper is served upon the party by mail or e-mail, three days shall be added to the prescribed period.

4

In its order denying the Department's motion to dismiss, the trial court found that Muff was entitled to three extra days to amend the complaint because the Department had served the motion to dismiss by mail. The trial court calculated 33 days from June 6, 2016, which was the filing date (but not the date of service, which was June 3, 2016). The 33rd day from June 6, 2016 was Saturday, July 9, 2016. Thus, the trial court found that Muff timely filed her amended complaint on Monday, July 11, 2016, which was the next business day.

We need not decide whether OCGA § 9-11-6 (e) applies to the 30-day cure period under OCGA § 50-21-26 (a) (4), because even if OCGA § 9-11-6 (e)'s three day extension applies, Muff's ante litem exhibits were untimely. Where OCGA § 9-11-6 (e) applies, the additional three days begins on the day of service. See, e.g., *Patel v. Columbia Nat. Ins. Co.*, 315 Ga. App. 877, 878-879 (729 SE2d 35) (2012) (three-day extension under OCGA § 9-11-6 (e) for service by mail was calculated from the date of mailing); *Bartosz v. Chapparal Enterprises, Inc.*, 271 Ga. App. 246, 248 (1) (609 SE2d 185) (2005) (because service of request for admissions was by mail, under OCGA § 9-11-6 (e), three days was added to the prescribed 30-day response period, so responses to requests for admission served 35 days after the date of service by mail were untimely by two days). Here, if OCGA § 9-11-6 (e)'s three day extension

5

applies, Muff's ante litem exhibits would have been due 33 days from June 3, 2016, the date that the Department's motion to dismiss was served. If OCGA § 9-11-6 (e)'s three day extension does not apply, Muff's ante litem exhibits would have been due 30 days from June 6, 2016, the date the motion to dismiss was filed. Either way, Muff's ante litem exhibits were due on July 6, 2016. Thus, Muff's amended complaint filed on July 11, 2016, was untimely. Therefore, the trial court should have granted the Department's motion to dismiss, and we reverse.

2. Because of our holding in Division 1, we need not address the Department's remaining enumerations.

*Judgment reversed. Doyle, P. J., and Markle, J., concur*.